UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ENRIQUE GONZALEZ LEIVA, ROGELIO CORONA TREJO, GABRIEL GARCIA ARROYO, VALENTIN GARCIA ARROYO, RAUL GONZALEZ LEYVA, LUIS LOPEZ CARRASCO, JOSE ALBINO LEYVA, SIMON GONZALEZ HERNANDEZ, and KIMBERLY DELGADO,  Plaintiffs,  v.  WINDY PRAIRIE FARM LLC, KEITH CLUTE, and SHAWN NOWER,  Defendants. | CAUSE NO.: 4:19-CV-87-TLS-JPK |

**ORDER**

This matter is before the Court on Plaintiffs' Motion for the Entry of Judgment [ECF No. 14] filed on October 9, 2019. Plaintiffs filed the Complaint [ECF No. 1] in this matter on September 11, 2019. The three Defendants were each served by certified mail on September 16 [ECF Nos. 8–10], making any Answer due by October 7, 2019. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). None of the Defendants have filed an answer or otherwise defended, and, on Plaintiffs' Motion [ECF No. 12], the Clerk of Court entered a default against the three Defendants [ECF No. 13]. In this motion Plaintiffs have requested: (1) entry of default judgment against Defendants; (2) time to submit a request for damages and briefing in support thereof; (3) any necessary hearings and proceedings; (4) and "all other just and proper relief." Mot. Entry J. 2. Plaintiffs have not submitted any evidence which could serve as supporting evidence for the calculation of damages.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). However, "the allegations in the complaint with respect to the amount of the damages are not deemed true." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Therefore, with damages at this stage indeterminate and unsupported by evidence, the Court cannot enter a default judgment at this time.

Federal Rule of Civil Procedure 55(b)(2) states that "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

For these reasons, the Motion for Entry of Judgment [ECF No. 14] is TAKEN UNDER ADVISEMENT. It is ORDERED that this case is referred to Magistrate Judge Joshua P. Kolar for purposes of conducting proceedings, including a damages hearing if necessary, and submitting proposed findings of fact and recommendations for the disposition of the Plaintiff's Motion for Entry of Judgment [ECF No. 14], pursuant to 28 U.S.C. § 636(b)(1)(B) and N.D. Ind. L.R. 7211(b).

SO ORDERED on November 6, 2019.

 s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT