# EXHIBIT 4

STATE OF INDIANA      )      IN THE BENTON CIRCUIT COURT
                         )      TO THE 2016 TERM
COUNTY OF BENTON      )      CAUSE NUMBER:  04C01-1602-F6-50

STATE OF INDIANA      )
VS.      )
KEITH CLUTE      )
DEFENDANT      )

**F I L E D**

IN OPEN COURT

JUN 2 4 2016

*Natalie f Kidd*

Clerk Benton Circuit Court

### ORDER

        Comes now the State of Indiana by the Prosecutor's Office this 20th day of June, 2016 along with the Probation Department for hearing in the above cause.  The Defendant appears with counsel, Daniel Blaney.

### Advice of Rights

        The Court inquires of the Defendant whether he understands the rights he is waiving by pleading guilty.  The Court receives the signed Advice of Rights form and the Defendant acknowledges reading and signing the Advice of Rights.  The Court finds the Defendant is waiving his rights and voluntarily and knowingly entering into a Plea Agreement.

### Guilty Plea/Admission

        The parties state they have reached plea agreement and present a written Plea Agreement to the Court.

        **The Defendant admits to Count 2**, Check Deception, a Class A Misdemeanor.  The State moves to dismiss the remaining counts.

### Factual Basis and Sentencing

        The Court finds that an adequate factual basis exists for the Defendant's plea and accepts the Plea Agreement of the State and the Defendant.  The Court imposes sentence as set forth in the written Plea Agreement and the Defendant is sentenced as follows:

The Defendant shall be sentenced to one year in the Benton County Jail, all suspended. Any portion of the sentence which is suspended shall be served on supervised probation. The Defendant shall perform 20 hours of community service, pay all Court costs, probation user fees and Sheriff's fee. The Defendant shall pay restitution as follows: amount to be determined and submitted at a later date for Counts 1-11. (Counsel advises that all restitution is paid).

All other terms of the written Plea Agreement not set forth herein are Ordered and the Defendant shall complete all terms of the agreement. In addition, the Defendant shall complete all terms of the sentence, all probation terms or conditions set for in the agreement, and any and all other terms and conditions of probation in place at the time of this sentencing hearing and/or as required by the probation office. The Defendant is **DIRECTED** to meet with the probation department as a condition of probation. Further, the Defendant shall, as a condition of probation, behave well generally, not violate the law in any way, and shall meet with the probation officer at all times and places as directed by the probation department.

**ENTERED AND ORDERED THIS 24TH DAY OF JUNE, 2016.**

Rex W. Kepner,
Judge, Benton Circuit Court

cc:   Court File ✓
      State ✓
      Probation ✓
      Daniel Blaney PO Box 500 Morocco, In 47963
      6-27-16
      RJO ✓

STATE OF INDIANA )
) SS:
COUNTY OF BENTON )
STATE OF INDIANA )
)
          VS )
KEITH CLUTE, )
          Defendant )

IN THE BENTON CIRCUIT COURT

CAUSE NUMBER: 04C01-1602-F6-50

### PLEA AGREEMENT

Comes now the State of Indiana, and the Defendant Keith Clute, and enters into this Plea

Agreement.  The parties agree as follows:

1) The defendant pleads guilty to the following charge(s):

   **Count 2, Check Deception, a class A misdemeanor.**

2) The State moves to dismiss the following charge(s):  All remaining counts.

3) The defendant shall be sentenced as follows:

   **One year sentence to the Benton County Jail, all suspended.**

4) Any portion of the sentence which is suspended shall be served on supervised probation.

5) Unless explicitly stated otherwise, this sentence shall be consecutive to all other cases.

6) The defendant shall receive credit for zero days (zero actual days) already served.

7) **The defendant shall perform ~~40~~ 20 *KW* hours community service.**

8) The defendant agrees to testify under oath to establish a factual basis for this guilty plea.

9) **The defendant shall pay restitution as follows: amount to be determined and submitted**

   **at a later date for Counts 1-11.**

10) The defendant shall pay all court costs.

11) The defendant shall pay all probation user fees.

12) ~~The defendant shall reimburse the County for Pauper Attorney Fees.~~

13) The defendant shall pay a Sheriff's fee.

Defendant's Initials _HCC_

14) The defendant acknowledges and agrees to abide by the following terms and conditions of probation:

a. Maintain good and lawful behavior. Commit no other criminal offenses.

b. Report to the Benton County Probation Department, in person, no less than one time during each calendar month or as directed by the Probation Officer. You are to report to the Probation Office immediately upon release from incarceration.

c. Permit the Probation Officer to visit you at reasonable times at your home or elsewhere.

d. Answer truthfully all inquiries by the Court or Probation Officer.

e. Report any new arrests or charges to the Probation Officer within 48 hours.

f. Report any change in address or employment to the Probation Office within 48 hours.

g. Remain within the jurisdiction of the Court (State of Indiana) unless granted written permission to leave from the Probation Officer. If you leave with or without permission, and are arrested in any other state, you hereby waive extradition and will not resist being returned to Indiana.

h. Seek and/or maintain gainful employment or be enrolled in a course of study or vocational training.

i. You shall support all dependents, which, under this agreement, means that if you are ordered to pay child support by any court, you shall pay each and every child support payment ordered by a court, and shall make regular payments toward any child support arrearage.

j. Refrain from possessing a firearm or other deadly weapons. All weapons are to be surrendered immediately.

k. You waive your Fourth Amendment rights to search and seizure as directed by the Probation Officer, including but not limited to, person and/or property.

l. You shall not buy, possess, have control of, or consume any alcoholic beverages, illegal drugs, hemp products, or controlled substances. Do not be present during the use of unlawful drugs.

m. Submit to urinalysis, blood or breathalyzer tests as directed by the Probation Officer and pay for said tests before the end of probation.

n. You shall make monthly payments toward all costs, fines and fees ordered by the Court having the entire balance paid in full prior to the end of probation.

o. If a violation of probation occurs during the probation period, a Petition to Revoke Probation may be filed up to one year after termination of probation or 45 days after the State receives notice, whichever is earliest.

p. Submit to Benton County Jail to provide a DNA sample within 24 hours if convicted of a felony as stated in IC 35-38-1-27.

q. Satisfy other conditions reasonably related to probationer's rehabilitation:

☒ Perform uncompensated community service as described in this agreement.

☐ Undergo lab test for HIV virus, if convicted of a sex crime listed in IC 35-38-1-10.5.

☐ Sex Offender School Zone Residential Restriction under IC 35-38-2-2.2. Probationers may not reside within 1000 feet of school property unless granted permission from the Court.

☐ Sex Offender Victim Residence Restriction under IC 35-38-2-2.5. Probationer shall not reside within one mile of the residence of the victim of his/her sex offense.

☐ Undergo medical or psychiatric treatment, if required by the Court.

☐ Attend educational programs directly related to the rehabilitation of the Probationer: _____.

☐ Abide by all other probation terms ordered by the Court.

☐ Other: _____
    _____

Defendant's Initials _HCC_

15) The defendant states that he/she has read and reviewed this entire Plea Agreement with his/her attorney.

16) The defendant acknowledges that, by entering into this agreement, he/she **waives** his/her rights to:
   a. **a public and speedy trial by jury**
   b. **confront and cross-examine the witnesses against him/her**
   c. **have compulsory process for obtaining witnesses in his/her favor; and**
   d. **require the State to prove his/her guilty beyond a reasonable doubt at trial at which the defendant may not be compelled to testify against himself/herself.**

17) The defendant further acknowledges that, by entering into this agreement, he/she **waives** his/her rights to:
   a. Appeal his/her conviction
   b. Appeal his/her sentence and conviction on any grounds whatsoever, under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B), so long as the Court sentences him/her within the terms of the plea agreement.  This includes, without limitation, a waiver of defendant's right to appeal the sentence on the grounds that it is illegal, erroneous, inappropriate, or unreasonable under Appellate Rule 7(B).
   a. File a motion to correct errors
   b. Request a conviction modification or request to modify/review credit for time already served
   c. Participate in a Community Transition Program, shock probation, or any other early release program not explicitly provided for in this agreement
   d. Request that any term of this Plea Agreement be modified without the written consent of the Prosecutor

18) The defendant acknowledges that he/she has been informed of and understands the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences.

19) The defendant acknowledges that he/she has been informed and understands that the Court has not been involved in working out this agreement, and, if the Court accepts the agreement, the Court is bound by the terms of the agreement.

20) The defendant acknowledges and understands that if convicted of a traffic offense under this agreement, a record of the conviction or judgment will be sent to the Indiana Bureau of Motor Vehicles and/or the bureau of the state where the defendant received a license to drive to become part of the defendant's driving record.

21) The defendant acknowledges and understands that if convicted of a crime of domestic violence as defined in IC 35-41-1-6.3, the defendant will lose the right to possess a firearm.

22) The defendant acknowledges and understands that the entry of a guilty plea constitutes an admission of the truth of all facts alleged in the Information to which a plea of guilty will be entered.

23) The defendant acknowledges and understands that the entry of this agreement amounts to a conviction.

24) The defendant acknowledges satisfaction with defense counsel's representation and competency exhibited in this matter and further acknowledges his/her belief that this agreement is in the best interest of the defendant.

25) The defendant understands that if convicted of a felony, the defendant must provide a DNA sample as directed pursuant to IC 10-13-6-10.

Defendant's Initials

26) **All parties agree that this written Plea Agreement embodies the entire agreement between the parties, and no promises have been made or inducements given to the defendant by the State which are not set out in this written Plea Agreement.**

_____     _____     _____
Defendant                   Defense Counsel             Prosecutor/Chief Deputy
6-20-16                      6-20-16                     6/20/16
_____     _____     _____
Date                        Date                        Date

cc:     COURT FILE
        PROSECUTOR
        DEFENDANT / DEFENSE COUNSEL
        PROBATION

Defendant's Initials

Form 5

_Keith C. Clark_     _8-29-1958_     04C01- _Proper F6 - 50_
Defendant's Name  (Print)      Date of Birth      (Cause Number)

## ADVICE OF RIGHTS AND POSSIBLE PENALTIES-- "Offense" after June 30, 2014

**If you enter a GUILTY PLEA,** either on your own, or with a plea agreement, you are **waiving the following rights for the charges you admit.** You waive the right to:

1. **make the State prove the case or charges beyond a reasonable doubt at trial; at which you can not be compelled to testify against yourself.**
2. **have an attorney represent you** privately or by appointment, unless you already have an attorney. If an attorney is appointed, you may be required to reimburse Benton County for those fees.
3. **a public and speed trial by jury.** To reserve the right to a jury trial in misdemeanor cases you must file a written demand not later than 10 days before the 1st scheduled trial date.
4. **compel testimony of others** in your favor by use of subpoena's without any expense to you.
5. **the right to appeal your guilty plea** and to an Appellate Court or request a continuance to seek an attorney if not currently represented and this is your initial hearing. **The right to appeal your sentence** if a plea agreement covers all terms of your sentence.
6. **and the right to confront and cross examine witnesses against you.**

**Possible Jail Time/ Fine/ Penalties:**  The Charges filed against you lists the offense title and level of misdemeanor or felony.  Listed below are the sentencing penalties that the Court can give you if you plead guilty. **Match your charges to the correct sentencing possibilities below.** *(For instance, if charged with an A misdemeanor, the jail range is 0 days to 1 year; the fine can be up to $5000.00.)*

| | | | |
|---|---|---|---|
| Level 1 felony: | Jail sentence of: | 20 years up to 50 years | Fine $0-10,000 |
| Level 2 felony: | Jail sentence of: | 10 years up to 30 years | Fine $0-10,000 |
| Level 3 felony: | Jail sentence of: | 3 years up to 20 years | Fine $0-10,000 |
| Level 4 felony: | Jail sentence of: | 2 years up to 12 years | Fine $0-10,000 |
| Level 5 felony: | Jail sentence of: | 1 years up to 6 years | Fine $0-10,000 |
| Level 6 felony: | Jail sentence of: | 6 months up to 2 1/2 years | Fine $0-10,000 |
| A misdemeanor: | Jail sentence of: | 0 days up to 1 year: | Fine $0-5000 |
| B misdemeanor: | Jail sentence of: | 0 days up to 180 days: | Fine $0-1000 |
| C misdemeanor: | Jail sentence of: | 0 days up to 60 days: | Fine $0-500 |

**If charged with a Level 6 felony,** the Court has the *discretion* to enter the sentence as a Class A misdemeanor.  However, the Court shall enter sentence as a D felony if: You have a prior unrelated felony offense within (3) years of this offense and received A misdemeanor treatment previously or your current offense is a felony domestic battery or possession of child pornography.

**If you have a plea agreement,** you waive the above rights.  If the Court accepts the plea agreement, it is bound by the agreement terms.  The Court has not been involved in working out the terms of the plea agreement.

### I HAVE READ THIS SIDE AND UNDERSTOOD MY RIGHTS AND THE POSSIBLE PENALTIES THAT CAN BE IMPOSED BY THE COURT.

_Keith C. Clark_     _6-20-16_     (revised 7-1-2014)
Signature      Date

Form 5

**If sentencing is up to the Court,** the Court usually has the discretion to suspend the jail time. The Court may consider any prior criminal history you have in deciding what sentence to impose. Also, if you were on probation at the time of the offense and plead guilty, your probation may be revoked or modified.
**Traffic offense or crimes involving the use of a vehicle: (infractions or crimes)** The Court is required to report to the Bureau of Motor Vehicles any offenses or crimes involving a motor vehicle. If you plead guilty, it becomes a permanent part of your driving record. *(See possible jail time and fine above for level of offense)*

**Operating A Vehicle While Intoxicated, as a Class C or A Misdemeanor.**
**Operating a Vehicle with an alcohol test of at least .08 BAC, a Class C or A Misdemeanor.**
Your driver's license will be suspended from 90 days up to 2 years. Court may instead permit a 30 day license suspension followed by 180 day "restricted license", such as driving to and from work only. The suspension must come after any "breath test refusal" suspension that the BMV imposed. *(See possible jail time and fine on opposite side for level of offense)*

**Operating A Vehicle While Intoxicated OR With at least .08 BAC,** as a 6 Felony:
Your driver's license will be suspended from 1 year up to 2 years. Court can not give you a "restricted license". The license suspension must come after any "breath test refusal" suspension that the BMV imposed. . *(See possible jail time and fine on opposite side for level of offense)*

**Prior Operating While Intoxicated Conviction:** 1 prior conviction: You must do at least 5 actual days in jail or 180 hours of community service, and receive an assessment of your drug use &/or abuse. 2 prior convictions: You must do at least 10 actual days in jail or 360 hours community service, and receive an assessment of your drug use &/or abuse. *(See possible jail time and fine on opposite side for level of offense)*

**Driving With a Suspended License, as infraction, misdemeanor, or felony:** Your drivers license will be suspended from 90 days up to 2 years. . *(See possible jail time and fine on opposite side for level of offense)*

**Possession or Dealing: of marijuana, cocaine, narcotic drug, or a controlled substance:** If convicted of any of these offenses, or conspiracy to commit any such offense, then your drivers license, existing registration, and ability to register a motor vehicle shall be suspended by the bureau of motor vehicles for at least six (6) months, but not more than two (2) years, if committed during the use of a vehicle. *(See possible jail time and fine above for level of offense)* I.C. 35-48-4-15

**Habitual Offender** (prior unrelated felony convictions) I.C. 35-50-2-8 If convicted, The court shall sentence a person found to be a habitual offender to an additional fixed term that is between:   zero (0) and twenty (20) years, for a person convicted of murder or a Level 1 through Level 4 felony; or zero (0) and six (6) years, for a person convicted of a Level 5 or Level 6 felony.   An additional term imposed under this subsection is non-suspendable.  Habitual offender is a status that results in an enhanced sentence. It is not a separate crime and does not result in a consecutive sentence.

**I HAVE READ THIS SIDE AND UNDERSTOOD MY RIGHTS AND THE
POSSIBLE PENALTIES THAT CAN BE IMPOSED BY THE COURT.**

_____          6-20-16          (revised 7-1-2014)
**Signature**                          **Date**

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE BENTON CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF BENTON | ) | CAUSE NUMBER:   04C01-1710-CM-230 |
| | ) | |
| STATE OF INDIANA | ) | |
| | ) | INFORMATION: |
| VS | ) | |
| | ) | |
| KEITH C. CLUTE | ) | |

**FILED**

OCT 1 9 2017

*Natalie J Kidd*
Clerk Benton Circuit Court

KEITH C. CLUTE
DOB:  08/29/1958
OLN:  8919-75-6376

COUNT 1
CHECK DECEPTION
A CLASS A MISDEMEANOR
I.C. 35-43-5-5(a)

## COUNT 1

The undersigned, being duly sworn upon her oath, says that on or about August, 2017, in Benton County, State of Indiana, Keith C. Clute did knowingly or intentionally issue or deliver a check, in the amount of $574.82 to Sam Peck, on a credit institution for the payment of or to acquire money or other property, knowing that it would not be paid or honored by the credit institution upon presentment in the usual course of business, contrary to the form of the statutes in such cases made and provided by Ind. Code § 35-43-5-5(a) and against the peace and dignity of the State of Indiana.

Material Witnesses:
Jesse Marino
Sam Peck
Jatinder Singh

SIGNED: _____
DEPUTY PROSECUTING ATTORNEY

Subscribed and sworn this 19th day of October, 2017.

Commission Expires:
May 27, 2023

Dorena Hipsher, Notary Public
Resident of Carroll County, Indiana

cc:   COURT FILE
       PROSECUTOR
       DEFENDANT
       PROBATION

Dorena Hipsher
Notary Public
**SEAL**
Carroll County, State of Indiana
My Commission Expires May 27, 2023
Commission No. 668359

STATE OF INDIANA       )      IN THE BENTON CIRCUIT COURT

                    ) SS:

COUNTY OF BENTON    )      CAUSE NUMBER:  04C01-1710-CM-230

                    )

STATE OF INDIANA       )      **FILED**

                    )      INFORMATION:

       VS           )      OCT 1 9 2017

                    )      *Natalie J Kidd*

KEITH C. CLUTE        )      Clerk Benton Circuit Court

DOB:  08/29/1958

OLN:  8919-75-6376

                                     COUNT 2

                                     CHECK DECEPTION

                                     A CLASS A MISDEMEANOR

                                     I.C. 35-43-5-5(a)

COUNT 2

     The undersigned, being duly sworn upon her oath, says that on or about August, 2017, in Benton County, State of Indiana, Keith C. Clute did knowingly or intentionally issue or deliver a check, in the amount of $455.83 to Jesse Marino, on a credit institution for the payment of or to acquire money or other property, knowing that it would not be paid or honored by the credit institution upon presentment in the usual course of business, contrary to the form of the statutes in such cases made and provided by Ind. Code § 35-43-5-5(a) and against the peace and dignity of the State of Indiana.

Material Witnesses:

Jesse Marino

Sam Peck

Jatinder Singh                   SIGNED:

                                 DEPUTY PROSECUTING ATTORNEY

Subscribed and sworn this 19th day of October, 2017.

Commission Expires:

May 27, 2023                  Dorena Hipsher, Notary Public

                         Resident of Carroll County, Indiana

cc:     COURT FILE                Dorena Hipsher

       PROSECUTOR            Notary Public

       DEFENDANT             **SEAL**

       PROBATION             Carroll County, State of Indiana

                                My Commission Expires May 27, 2023

                                Commission No. 668359

| STATE OF INDIANA | ) | IN THE BENTON CIRCUIT COURT |
|---|---|---|
| | ) | TO THE 2018 TERM |
| COUNTY OF BENTON | ) | CAUSE NUMBER: 04C01-1710-CM-230 |

| STATE OF INDIANA | ) |
|---|---|
| VS. | ) |
| KEITH C. CLUTE | ) |
| Defendant | ) |

FILED

IN OPEN COURT

MAR 0 9 2018

*Natalie J. Kidd*
Clerk Benton Circuit Court

## ORDER

Comes now the State of Indiana by the Prosecutor's Office on this 6th day of March, 2018 along with the Probation Department for Hearing in the above cause. The Defendant appears with counsel, Daniel C. Blaney.

Advice of Rights

The Court advises the Defendant of his rights and receives the signed Advice of Rights form. The Defendant acknowledges reading and signing said form. The Court finds the Defendant is waiving rights and voluntarily and knowingly entering into a Plea Agreement.

Guilty Plea/Admission

The parties state they have reached a Plea Agreement and present a written Plea Agreement to the Court.

The Defendant pleads Guilty to **Count 1**, Check Deception, a Class A Misdemeanor.

The Defendant pleads Guilty to **Count 2**, Check Deception, a Class A Misdemeanor.

Factual Basis and Sentencing

The Court finds an adequate factual basis and accepts the Plea Agreement presented by the parties. The Defendant is sentenced as follows:

**Count 1:** One year sentence to the Benton County Jail, **with eight (8) actual days executed and the balance suspended.** Executed portion may be served on weekends as outlined below.

**Count 2:** One year sentence to the Benton County Jail, all suspended and served consecutively with Count 1.

Probation may terminate after one year if there have been no probation violations and all financial obligations have been paid in full.

Executed sentence shall be served as follows: 4 weekends in the Benton County Jail beginning Friday, March 16th at 6:00 p.m. and to continue for a total of 4 consecutive weekends. The Defendant is made aware of the cost of $30.00 per day.

The Defendant receives zero (0) days of credit.

The Defendant shall perform 40 hours community service.

The Defendant shall pay restitution as follows: $574.82 Hub Plaza, $455.83 to

Jesse Marino, $143.36 to Sam Peck, $75.00 for merchant service charge, and $7.50 for general contribution fund, for a total amount of $1,256.51 paid at the Benton County Clerk's Office.

The Defendant shall pay all court costs, probation user fees and pay a Sheriff's fee.

All other terms of the written Agreed Sentence not set forth herein are ordered and the Defendant shall complete all terms of the agreement. In addition, the Defendant shall complete all terms of the sentence, all probation terms or conditions set forth in the agreement, and any and all other terms and conditions or probation in place at the time of this sentencing hearing and or as required by the probation office. The Defendant is directed to meet with the probation department as a condition of probation  Further, the Defendant shall, as a condition of probation, behave well generally, not violate the law in any way, and shall meet with the probation officer at all times and places as directed by the probation department.

## Bond and Attorney

The bond, if any, posted by or on behalf of the Defendant shall be applied to restitution, Court costs, fines fees and other expenses, including but not limited to attorney expenses when counsel was appointed unless otherwise Ordered.  The balance of any bond, once applied to such expenses or costs shall be released to the depositor.

**ENTERED AND ORDERED THIS 9TH DAY OF MARCH, 2018.**

Rex W. Kepner
Judge, Benton Circuit Court

cc:   State
      Probation
      Defendant's Attorney Daniel C. Blaney
      Sheriff- notice by paper

      All other parties notified by e-notice
      03/09/2018  JK

| STATE OF INDIANA | ) | IN THE BENTON CIRCUIT COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF BENTON | ) | CAUSE NUMBER: 04C01-1710-CM-230 |
| STATE OF INDIANA | ) | |
| | ) | |
| VS | ) | |
| KEITH C. CLUTE, | ) | |
| Defendant | ) | |

## PLEA AGREEMENT

Comes now the State of Indiana, and the Defendant Keith C. Clute, by Counsel Daniel Blaney,

and enters into this Plea Agreement. The parties agree as follows:

1) The defendant pleads guilty to the following charge(s):

    **Count 1, Check Deception, a class A misdemeanor; and**
    **Count 2, Check Deception, a class A misdemeanor.**

2) The State moves to dismiss the following charge(s): N/A.
3) The defendant shall be sentenced as follows:

    **Count 1: One year sentence to the Benton County Jail, with eight (8) actual days executed and the balance suspended. Executed portion may be served on weekends as outlined below.**

    **Count 2: One year sentence to the Benton County Jail, all suspended and served consecutively with Count 1.**

    **Probation may terminate after one year if there have been no probation violations and all financial obligations have been paid in full.**

4) Any portion of the sentence which is suspended shall be served on supervised probation.
5) Unless explicitly stated otherwise, this sentence shall be consecutive to all other cases.
6) **The defendant shall receive credit for zero actual days already served.**
7) **The defendant shall perform 40 hours community service.**
8) The defendant agrees to testify under oath to establish a factual basis for this guilty plea.
9) **The defendant shall pay restitution as follows: $574.82 to Hub Plaza, $455.83 to Jesse Marino, $143.36 to Sam Peck, $75.00 for merchant service charge, and $7.50 for general contribution fund, for a total amount of $1,256.51 paid at the Benton County Clerk's Office.**
10) If serving weekends, the defendant shall pay a fee of $30.00 per day. The total amount owed for serving each weekend shall be paid when Defendant reports to jail or Defendant shall serve the executed sentence as straight jail time.
11) The defendant shall pay all court costs.
12) The defendant shall pay all probation user fees.
13) The defendant shall reimburse the County for Pauper Attorney Fees.
14) The defendant shall pay a Sheriff's fee.
15) The defendant shall file a written request with the Prosecutor's Office within thirty (30) days of this agreement for the return of all property seized in this matter. If a written request is received within thirty (30) days then the property will be disposed of pursuant to I.C. 35-33-5-5. If a written request is not received within thirty (30) days then the Defendant will not be entitled to the return of any of his property obtained by law enforcement in relation to the case.

Page 1 of 4

Defendant's Initials *KCC*

16) The defendant acknowledges and agrees to abide by the following terms and conditions of probation:

  a. Maintain good and lawful behavior and commit no other criminal offenses.

  b. Report to the Benton County Probation Department, in person, no less than one time during each calendar month or as directed by the Probation Officer. You are to report to the Probation Office immediately upon release from any incarceration.

  c. Permit the Probation Officer to visit you at reasonable times at your home or elsewhere.

  d. Answer truthfully all inquiries by the Court or Probation Officer.

  e. Report any new arrests or charges to the Probation Officer within 48 hours.

  f. Report any change in address or employment to the Probation Office within 48 hours.

  g. Remain within the jurisdiction of the Court (State of Indiana) unless granted written permission to leave from the Probation Officer. If you leave with or without permission, and are arrested in any other state, you hereby waive extradition and will not resist being returned to Indiana.

  h. Seek and/or maintain gainful employment or be enrolled in a course of study or vocational training.

  i. You shall support all dependents, which, under this agreement, means that if you are ordered to pay child support by any court, you shall pay each and every child support payment ordered by a court, and shall make regular payments toward any child support arrearage.

  j. Refrain from possessing a firearm or other deadly weapons. All weapons are to be surrendered immediately.

  k. You waive any and all rights as to search and seizure under the laws and constitutions of both the United States and State of Indiana. You consent to search, at any time, of your person, property, place of residence, vehicle, or personal effects, with or without a warrant, probable cause, or reasonable suspicion.

  l. You shall not buy, possess, have control of, or consume any alcoholic beverages or products containing alcohol, illegal drugs, hemp products, or controlled substances. Do not be in a place where illegal drugs are being used. Do not be in any bar or tavern or any place alcohol is being consumed.

  m. Submit to any drug testing as requested, such as, but not limited to: urine, blood, hair or breath tests as directed by the Probation Officer and pay for said tests before the end of probation.

  n. You shall make monthly payments toward all costs, fines and fees ordered by the Court having the entire balance paid in full prior to the end of probation. Any monthly fees paid in advance may not be refunded if the probationer is released early from probation pursuant to IC 35-38-2-1.7.

  o. If a violation of a condition of probation occurs during the probationary period, a Petition to Revoke Probation may be filed during the probationary period or before the earlier of the following: one (1) year after the termination of probation or forty-five (45) days after the state receives notice of the violation.

  p. Submit to Benton County Jail to provide a DNA sample within 24 hours if convicted of a felony as stated in IC 35-38-1-27.

  q. Satisfy other conditions reasonably related to probationer's rehabilitation:

    ☒ Perform uncompensated community service as described in this agreement.

    ☐ Attend educational programs directly related to the rehabilitation of the Probationer: _____.

    ☐ Abide by all other probation terms ordered by the Court.

    ☐ Other: _____

Page 2 of 4

Defendant's Initials _KCC_

17) The defendant states that he/she has read and reviewed this entire Plea Agreement with his/her attorney.

18) The defendant acknowledges that, by entering into this agreement, he/she waives his/her rights to:
   a. **a public and speedy trial by jury**
   b. **confront and cross-examine the witnesses against him/her**
   c. **have compulsory process for obtaining witnesses in his/her favor; and**
   d. **require the State to prove his/her guilty beyond a reasonable doubt at trial at which the defendant may not be compelled to testify against himself/herself.**

19) The defendant further acknowledges that, by entering into this agreement, he/she waives his/her rights to:
   a. Appeal his/her conviction
   b. Appeal his/her sentence and conviction on any grounds whatsoever, under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B), so long as the Court sentences him/her within the terms of the plea agreement.  This includes, without limitation, a waiver of defendant's right to appeal the sentence on the grounds that it is illegal, erroneous, inappropriate, or unreasonable under Appellate Rule 7(B).
   c. File a motion to correct errors
   d. Request a conviction modification or request to modify/review credit for time already served
   e. Participate in a Community Transition Program, shock probation, or any other early release program not explicitly provided for in this agreement
   f. Request that any term of this Plea Agreement be modified without the written consent of the Prosecutor

20) The defendant acknowledges that he/she has been informed of and understands the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences.

21) The defendant acknowledges that he/she has been informed and understands that the Court has not been involved in working out this agreement, and, if the Court accepts the agreement, the Court is bound by the terms of the agreement.

22) The defendant acknowledges and understands that if convicted of a traffic offense under this agreement, a record of the conviction or judgment will be sent to the Indiana Bureau of Motor Vehicles and/or the bureau of the state where the defendant received a license to drive to become part of the defendant's driving record.

23) The defendant acknowledges and understands that if convicted of a crime of domestic violence as defined in IC 35-41-1-6.3, the defendant will lose the right to possess a firearm.

24) The defendant acknowledges and understands that the entry of a guilty plea constitutes an admission of the truth of all facts alleged in the Information to which a plea of guilty will be entered.

25) The defendant acknowledges and understands that the entry of this agreement amounts to a conviction.

26) The defendant acknowledges satisfaction with defense counsel's representation and competency exhibited in this matter and further acknowledges his/her belief that this agreement is in the best interest of the defendant.

27) The defendant understands that if convicted of a felony, the defendant must provide a DNA sample as directed pursuant to IC 10-13-6-10.

28) This Plea Agreement expires _____.

Page 3 of 4

Defendant's Initials _KLC_

29) All parties agree that this written Plea Agreement embodies the entire agreement between the parties, and no promises have been made or inducements given to the defendant by the State which are not set out in this written Plea Agreement.

| | | |
|---|---|---|
| Defendant | Defense Counsel | Prosecutor/Chief Deputy |
| 3-6-18 | 3-6-18 | 3/6/18 |
| Date | Date | Date |

cc:  COURT FILE
     PROSECUTOR
     DEFENDANT / DEFENSE COUNSEL
     PROBATION

Page 4 of 4

Defendant's Initials _KCC_

Form 5

_Keith Clite_ _____     _____     04C01-_1710_ - _CM_ - _230_
    Defendant's Name  (Print)              Date of Birth              (Cause Number)

### ADVICE OF RIGHTS AND POSSIBLE PENALTIES-- "Offense" after June 30, 2014

**If you enter a GUILTY PLEA,** either on your own, or with a plea agreement, you are **waiving the following rights for the charges you admit.** You waive the right to:

1. **make the State prove the case or charges beyond a reasonable doubt at trial; at which you can not be compelled to testify against yourself.**
2. **have an attorney represent you** privately or by appointment, unless you already have an attorney. If an attorney is appointed, you may be required to reimburse Benton County for those fees.
3. **a public and speed trial by jury.** To reserve the right to a jury trial in misdemeanor cases you must file a written demand not later than 10 days before the 1st scheduled trial date.
4. **compel testimony of others** in your favor by use of subpoena's without any expense to you.
5. **the right to appeal your guilty plea** and to an Appellate Court or request a continuance to seek an attorney if not currently represented and this is your initial hearing. **The right to appeal your sentence** if a plea agreement covers all terms of your sentence.
6. **and the right to confront and cross examine witnesses against you.**

**Possible Jail Time/ Fine/ Penalties:**  The Charges filed against you lists the offense title and level of misdemeanor or felony.  Listed below are the sentencing penalties that the Court can give you if you plead guilty. **Match your charges to the correct sentencing possibilities below.** *(For instance, if charged with an A misdemeanor, the jail range is 0 days to 1 year; the fine can be up to $5000.00.)*

| | | | |
|---|---|---|---|
| Level 1 felony: | Jail sentence of: | 20 years up to 50 years | Fine $0-10,000 |
| Level 2 felony: | Jail sentence of: | 10 years up to 30 years | Fine $0-10,000 |
| Level 3 felony: | Jail sentence of: | 3 years up to 20 years | Fine $0-10,000 |
| Level 4 felony: | Jail sentence of: | 2 years up to 12 years | Fine $0-10,000 |
| Level 5 felony: | Jail sentence of: | 1 years up to 6 years | Fine $0-10,000 |
| Level 6 felony: | Jail sentence of: | 6 months up to 2 1/2 years | Fine $0-10,000 |
| A misdemeanor: | Jail sentence of: | 0 days up to 1 year: | Fine $0-5000 |
| B misdemeanor: | Jail sentence of: | 0 days up to 180 days: | Fine $0-1000 |
| C misdemeanor: | Jail sentence of: | 0 days up to 60 days: | Fine $0-500 |

**If charged with a Level 6 felony,** the Court has the *discretion* to enter the sentence as a Class A misdemeanor.  However, the Court shall enter sentence as a D felony if: You have a prior unrelated felony offense within (3) years of this offense and received A misdemeanor treatment previously or your current offense is a felony domestic battery or possession of child pornography.

**If you have a plea agreement,** you waive the above rights.  If the Court accepts the plea agreement, it is bound by the agreement terms.  The Court has not been involved in working out the terms of the plea agreement.

### I HAVE READ THIS SIDE AND UNDERSTOOD MY RIGHTS AND THE
### POSSIBLE PENALTIES THAT CAN BE IMPOSED BY THE COURT.

_Keith C. Chit_ _____     _3-6-18_ _____     (revised 7-1-2014)
        **Signature**                          **Date**

Form 5

**If sentencing is up to the Court,** the Court usually has the discretion to suspend the jail time. The Court may consider any prior criminal history you have in deciding what sentence to impose. Also, if you were on probation at the time of the offense and plead guilty, your probation may be revoked or modified.
**Traffic offense or crimes involving the use of a vehicle: (infractions or crimes)** The Court is required to report to the Bureau of Motor Vehicles any offenses or crimes involving a motor vehicle. If you plead guilty, it becomes a permanent part of your driving record. *(See possible jail time and fine above for level of offense)*

**Operating A Vehicle While Intoxicated, as a Class C or A Misdemeanor.**
**Operating a Vehicle with an alcohol test of at least .08 BAC, a Class C or A Misdemeanor.**
Your driver's license will be suspended from 90 days up to 2 years. Court may instead permit a 30 day license suspension followed by 180 day "restricted license", such as driving to and from work only. The suspension must come after any "breath test refusal" suspension that the BMV imposed. *(See possible jail time and fine on opposite side for level of offense)*

**Operating A Vehicle While Intoxicated OR With at least .08 BAC,** as a 6 Felony:
Your driver's license will be suspended from 1 year up to 2 years. Court can not give you a "restricted license". The license suspension must come after any "breath test refusal" suspension that the BMV imposed. . *(See possible jail time and fine on opposite side for level of offense)*

**Prior Operating While Intoxicated Conviction:** 1 prior conviction: You must do at least 5 actual days in jail or 180 hours of community service, and receive an assessment of your drug use &/or abuse.  2 prior convictions: You must do at least 10 actual days in jail or 360 hours community service, and receive an assessment of your drug use &/or abuse. *(See possible jail time and fine on opposite side for level of offense)*

**Driving With a Suspended License, as infraction, misdemeanor, or felony:** Your drivers license will be suspended from 90 days up to 2 years. . *(See possible jail time and fine on opposite side for level of offense)*

**Possession or Dealing: of marijuana, cocaine, narcotic drug, or a controlled substance:** If convicted of any of these offenses, or conspiracy to commit any such offense, then your drivers license, existing registration, and ability to register a motor vehicle shall be suspended by the bureau of motor vehicles for at least six (6) months, but not more than two (2) years, if committed during the use of a vehicle. *(See possible jail time and fine above for level of offense) I.C. 35-48-4-15*

**Habitual Offender** (prior unrelated felony convictions) I.C. 35-50-2-8 If convicted, The court shall sentence a person found to be a habitual offender to an additional fixed term that is between:   zero (0) and twenty (20) years, for a person convicted of murder or a Level 1 through Level 4 felony; or zero (0) and six (6) years, for a person convicted of a Level 5 or Level 6 felony.   An additional term imposed under this subsection is non-suspendable.  Habitual offender is a status that results in an enhanced sentence. It is not a separate crime and does not result in a consecutive sentence.

**I HAVE READ THIS SIDE AND UNDERSTOOD MY RIGHTS AND THE
POSSIBLE PENALTIES THAT CAN BE IMPOSED BY THE COURT.**

_____          3-9-18          (revised 7-1-2014)
**Signature**                        **Date**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.     16-40275 |
| ANN MARIE BIRCH | ) | REG/tk |
| Debtor(s) | ) | ADV. PROC. NO.  17-4009 |
| | ) | |
| | ) | |
| EDWARD CHOSNEK, Trustee | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| KEITH CLUTE, DONALD CLUTE, | ) | |
| and JANET CLUTE | ) | |
| Defendant(s) | ) | |

## <u>ORDER</u>

Dated on    October 19, 2018

A hearing with regard to the issues raised by Plaintiff's motion for default judgment was held at Lafayette, Indiana, on October 17, 2018, with Edward Chosnek, plaintiff, and Keith Clute, defendant, present.

For the reasons stated in open court, the motion for default judgment is GRANTED and judgment will be entered accordingly in the sum of $53,800.

*/s/ Robert E. Grant*
Chief Judge, United States Bankruptcy Court

04C01-1804-CC-000037

Filed: 4/11/2018 10:13 A
Cle
Benton County, India

USDC IN/ND case 4:19-cv-00087-RLM-JPK   document 21-4   filed 02/04/20   page 21 of 46
Benton Circuit Court

| STATE OF INDIANA | ) | IN THE SUPERIOR / CIRCUIT COURT |
| | )SS: | |
| COUNTY OF BENTON | ) | BENTON COUNTY, INDIANA |

| | | |
|---|---|---|
| SEEDWAY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: |
| | ) | |
| KEITH CLUTE | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

NOW COMES Plaintiff, Seedway, LLC, and for its Complaint against Defendant, Keith Clute,

alleges and states as follows:

1. Upon information and belief, Defendant, Keith Clute (hereinafter referred to as "Defendant") is an individual who resides in Benton County, Indiana.

2. Upon information and belief, Seedway, LLC (hereinafter referred to as "Plaintiff), is a Delaware Limited Liability Company that is registered with the State of Indiana as a Foreign Limited Liability Company.

3. Defendant ordered business product from Plaintiff under Invoice Numbers: 1299649 dated April 30, 2017, 1304340 dated May 13 ,2017, 1304756 dated May 14, 2017, and 1308295 dated May 23, 2017, copies of which are attached and incorporated herein as Group Exhibit "A". Plaintiff delivered said business product to Defendant and met all its obligations.

4. Based on said invoices, there remains a combined unpaid principal balance of $22,356.51, with pre-judgment interest under the theory of an "account stated" from the date of each invoice through judgment.

5. On or about November 13, 2017, Plaintiff sent to Defendant a demand letter a received no written or oral response from Defendant.

6. On or about February 15, 2018, Plaintiff, by the law firm Genetos Lane & Buitendorp LLP, sent to Defendant a second demand letter a received no written or oral response from Defendant. A copy of the letter is attached and incorporated herein as Exhibit "B".

7. Defendant has not disputed nor paid any of the referenced invoices.

WHEREFORE, Plaintiff, Seedway, LLC, prays the Court enter a judgment against the Defendant,

Keith Clute, in the principal amount of $22,356.51, plus pre-judgment interest at the rate of eight (8)

percent from the date of each invoice, and the costs of this action, all with relief.

Seedway, LLC

By:     /s/ Seth R. Buitendorp
        SETH R. BUITENDORP/#23304-64
        ATTORNEY FOR PLAINTIFF
        GENETOS LANE & BUITENDORP LLP
        7900 Broadway
        Merrillville, IN 46410
        (219) 755-0400
        seth@glblegal.com

# INVOICE

**SEEDWAY**
SEEDWAY LLC     P.O. BOX 250     HALL, NY

SHIP TO:  KEITH CLUTE
          1112 S 300 E
          FOWLER IN 47944

| Page | 1 of 1 |
|---|---|
| Due Date | 04/30/17 |
| Customer No. | 1293190 |
| Invoice No. | 1299649 |
| Invoice Date | 04/25/17 |
| Order Number | 746520 SO |
| Branch/Plant | 510 |
| **PLEASE INDICATE AMOUNT ENCLOSED** | |

BILL TO:
          KEITH CLUTE
          1112 S 300 E
          FOWLER IN 47944

PLEASE SEND REMITTANCE TO: _____

SEEDWAY LLC
P.O. BOX 28918
NEW YORK, NY 10087-8918

DETACH HERE          PLEASE RETURN THIS UPPER PORTION WITH YOUR PAYMENT          DETACH HERE

Please Direct Invoice Inquiries To: 800-836-3710

| Requested Date | Customer P.O. | F.O.B. | Ship Inst. |
|---|---|---|---|
| 04/24/2017 | | Blank Freight Code | |

| Lot No. | Description | Item Number | UM | Qty Shipped | Price | Extended Price |
|---|---|---|---|---|---|---|
| 1097189 | BJ ONION PATTERSON (BGS233)F1 THIRAM | 501900TH | M | 1200.00 | 2.2900 | 2,748.00 |
| 1042771 | BJ CH CABBAGE EMIKO 10M | 515482 | M | 5.00 | 3.1900 | 159.50 |
| 18476/881 | PUMPKIN CHALLENGER PMR 1M FARMORE DI400 | 525180DI400 | M | 1.00 | 80.3900 | 80.39 |

LIMITED ONE YEAR WARRANTY NOTICE TO BUYER:

SEEDWAY WARRANTS FOR ONE YEAR FROM THE DATE OF SALE THAT THE SEEDS AND PLANTS SOLD CONFORM TO THE LABEL DESCRIPTION, AS REQUIRED BY STATE AND FEDERAL SEED LAWS. SEEDWAY MAKES NO OTHER WARRANTIES, EXPRESS OR IMPLIED, OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE WHICH EXTENDS BEYOND THE LABEL DESCRIPTION. LIABILITY FOR DAMAGES FROM ANY CAUSE, INCLUDING BUT NOT LIMITED TO, BREACH OF WARRANTY OR NEGLIGENCE WITH RESPECT TO SUCH SEEDS OR PLANTS IS LIMITED TO A REFUND OF THE PURCHASE PRICE. THIS REMEDY IS EXCLUSIVE. SHOULD PURCHASER WISH TO OBTAIN DIFFERENT RIGHTS THAN SET FORTH HEREIN, IT MAY NEGOTIATE WITH SEEDWAY TO OBTAIN SUCH ADDITIONAL RIGHTS AT AN INCREASE IN THE PURCHASE PRICE OF THE SEEDS OR PLANTS. IN NO EVENT SHALL SEEDWAY BE LIABLE FOR ANY INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO, LOSS OF PROFITS. ANY CONTROVERSY OR CLAIM ARISING OUT OF THIS SALE SHALL BE SETTLED BY ARBITRATION IN SYRACUSE, NEW YORK, IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION AND THE DECISION OF THE ARBITRATORS SHALL BE FINAL AND BINDING UPON BOTH PARTIES, AND ANY JUDGMENT UPON ANY AWARD RENDERED MAY BE ENTERED IN ANY COURT HAVING COMPETENT JURISDICTION. ANY ARBITRATION PROCEEDING OR OTHER CLAIM MUST BE BROUGHT IN CONNECTION WITH THIS TRANSACTION WITHIN ONE (1) YEAR AFTER THE GOODS ARE SOLD. THIS AGREEMENT SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK. THESE TERMS SHALL NOT BE MODIFIED OR AMENDED EXCEPT IN WRITING, SIGNED BY BOTH PARTIES. UPON THIRTY (30) DAYS NOTICE BY REGULAR MAIL. BY ACCEPTANCE OF THE SEEDS OR PLANTS, PURCHASER ACKNOWLEDGES THE TERMS OF THIS LIMITED WARRANTY AND LIMITATION ON DAMAGES AND REMEDY. THE TERMS OF THIS LIMITED WARRANTY CONSTITUTE THE ENTIRE AGREEMENT BETWEEN THE PARTIES REGARDING THE SALE OF SEEDS OR PLANTS.

| Sales Tax | |
|---|---|
| **Total** | **$2,987.89** |

PLEASE INCLUDE YOUR CUST# OR ALL REMITTANCES. YOU MAY HAVE PREPAID THIS INVOICE, IT IS OUR POLICY TO SEND COPIES OF INVOICES FOR ALL SHIPMENTS. IF YOU HAVE PREPAID, PLEASE KEEP

THIS INVOICE FOR YOUR RECORDS.




PLAINTIFF'S EXHIBIT
A

# INVOICE

**SeedWay**

SEEDWAY LLC          P.O. BOX 250          HALL, NY

SHIP TO:   KEITH CLUTE
1112 S 300 E
FOWLER IN 47944

| | |
|---|---|
| Page | 1 of 1 |
| Due Date | 05/23/17 |
| Customer No. | 1293190 |
| Invoice No. | 1308295 |
| Invoice Date | 05/18/17 |
| Order Number | 752701 SO |
| Branch/Plant | 510 |

| PLEASE INDICATE AMOUNT ENCLOSED | |
|---|---|

BILL TO:

KEITH CLUTE
1112 S 300 E
FOWLER IN 47944

PLEASE SEND REMITTANCE TO: _____

SEEDWAY LLC
P.O. BOX 28918
NEW YORK, NY 10087-8918

DETACH HERE          PLEASE RETURN THIS UPPER PORTION WITH YOUR PAYMENT          DETACH HERE

Please Direct Invoice Inquiries To: 800-836-3710

| Requested Date | Customer P.O. | F.O.B. | Ship Inst. |
|---|---|---|---|
| 05/18/2017 | PLEASE SHIP NDA | NEXT DAY AIR | |

| Lot No. | Description | Item Number | UM | Qty Shipped | Price | Extended Price |
|---|---|---|---|---|---|---|
| 0152883164 | ONION SV4643NT F1 THIRAM | 956300TH | M | 2500.00 | 3.2000 | 8,000.00 |
| | NDA FRIEGHT | FREIGHT | | 1.00 | 68.4200 | 68.42 |

**LIMITED ONE YEAR WARRANTY NOTICE TO BUYER:**
SEEDWAY WARRANTS FOR ONE YEAR FROM THE DATE OF SALE THAT THE SEEDS AND PLANTS SOLD CONFORM TO THE LABEL DESCRIPTION, AS REQUIRED BY STATE AND FEDERAL SEED LAWS. SEEDWAY MAKES NO OTHER WARRANTIES, EXPRESS OR IMPLIED, OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE, WHICH EXTEND BEYOND THE LABEL DESCRIPTION.LIABILITY FOR DAMAGES FROM ANY CAUSE, INCLUDING BUT NOT LIMITED TO, BREACH OF WARRANTY OR NEGLIGENCE,WITH RESPECT TO SUCH SEEDS OR PLANTS IS LIMITED TO A REFUND OF THE PURCHASE PRICE, THIS REMEDY IS EXCLUSIVE. SHOULD PURCHASER WISH TO OBTAIN DIFFERENT RIGHTS THAN SET FORTH HEREIN, IT MAY NEGOTIATE WITH SEEDWAY TO OBTAIN SUCH ADDITIONAL RIGHTS AT AN INCREASE IN THE PURCHASE PRICE OF THE SEEDS OR PLANTS. IN NO EVENT SHALL SEEDWAY BE LIABLE FOR ANY INCIDENTAL, SPECIAL, OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO, LOSS OF PROFITS. ANY CONTROVERSY OR CLAIM ARISING OUT OF THIS SALE SHALL BE SETTLED BY ARBITRATION IN SYRACUSE, NEW YORK, IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION AND THE DECISION OF THE ARBITRATORS SHALL BE FINAL AND BINDING UPON BOTH PARTIES, AND ANY JUDGMENT UPON ANY AWARD RENDERED MAY BE ENTERED IN ANY COURT HAVING COMPETENT JURISDICTION. ANY ARBITRATION PROCEEDING OR OTHER CLAIM MUST BE BROUGHT IN CONNECTION WITH THIS TRANSACTION WITHIN ONE (1) YEAR AFTER THE GOODS ARE SOLD. THIS AGREEMENT SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK. THESE TERMS SHALL NOT BE MODIFIED OR AMENDED EXCEPT IN WRITING, SIGNED BY BOTH PARTIES, UPON THIRTY (30) DAYS NOTICE BY REGULAR MAIL. BY ACCEPTANCE OF THE SEEDS OR PLANTS, PURCHASER ACKNOWLEDGES THE TERMS OF THIS LIMITED WARRANTY AND LIMITATION ON DAMAGES AND REMEDY. THE TERMS OF THIS LIMITED WARRANTY CONSTITUTE THE ENTIRE AGREEMENT BETWEEN THE PARTIES REGARDING THE SALE OF SEEDS OR PLANTS.

| | |
|---|---|
| Sales Tax | |
| **Total** | **$8,068.42** |

PLEASE INCLUDE YOUR CUST# ON ALL REMITTANCES. YOU MAY HAVE PREPAID THIS INVOICE. IT IS OUR POLICY TO SEND COPIES OF INVOICES FOR ALL SHIPMENTS, IF YOU HAVE PREPAID, PLEASE KEEP THIS INVOICE FOR YOUR RECORDS.

**SeedWay**

# INVOICE

**SEEDWAY**

SEEDWAY LLC     P.O. BOX 250     HALL, NY

**SHIP TO:** KEITH CLUTE
1112 S 300 E
FOWLER IN 47944

| | |
|---|---|
| Page | 1 of 1 |
| Due Date | 05/13/17 |
| Customer No. | 1293190 |
| Invoice No. | 1304340 |
| Invoice Date | 05/08/17 |
| Order Number | 748262 SO |
| Branch/Plant | 510 |

**PLEASE INDICATE AMOUNT ENCLOSED**

**BILL TO:**
KEITH CLUTE
1112 S 300 E
FOWLER IN 47944

**PLEASE SEND REMITTANCE TO:** _____

SEEDWAY LLC
P.O. BOX 28918
NEW YORK, NY 10087-8918

---

DETACH HERE                     PLEASE RETURN THIS UPPER PORTION WITH YOUR PAYMENT                     DETACH HERE

---

Please Direct Invoice Inquiries To: 800-836-3710

| Requested Date | Customer P.O. | F.O.B. | Ship Inst. |
|---|---|---|---|
| 05/01/2017 | | Blank Freight Code | |

| Lot No. | Description | Item Number | UM | Qty Shipped | Price | Extended Price |
|---|---|---|---|---|---|---|
| 858766 | PEPPER CENTELLA 5M ASSIGNED LOT | 545581 | M | 5.00 | 26.5200 | 663.00 |
| 1123240/RH84 | BJ ONION RED HAWK F1 THIRAM ASGND LOT | 953590TH | M | 709.00 | 2.9000 | 2,056.10 |
| 1084692 | BJ ONION RED HAWK 5M ASSIGNED LOT | 953581 | M | 35.00 | 2.9000 | 507.50 |
| 1120653/RJ80 | BJ ONION RED JEWEL F1 THIRAM ASGND LOT | 820900TH | M | 927.00 | 2.8000 | 2,595.60 |

**LIMITED ONE YEAR WARRANTY NOTICE TO BUYER:**
SEEDWAY WARRANTS FOR ONE YEAR FROM THE DATE OF SALE THAT THE SEEDS AND PLANTS SOLD CONFORM TO THE LABEL DESCRIPTION, AS REQUIRED BY STATE AND FEDERAL SEED LAWS. SEEDWAY MAKES NO OTHER WARRANTIES, EXPRESS OR IMPLIED, OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE WHICH EXTEND BEYOND THE LABEL DESCRIPTION. LIABILITY FOR DAMAGES FROM ANY CAUSE, INCLUDING BUT NOT LIMITED TO, BREACH OF WARRANTY OR NEGLIGENCE WITH RESPECT TO SUCH SEEDS OR PLANTS IS LIMITED TO A REFUND OF THE PURCHASE PRICE. THIS REMEDY IS EXCLUSIVE. SHOULD PURCHASER WISH TO OBTAIN DIFFERENT RIGHTS THAN SET FORTH HEREIN, IT MAY NEGOTIATE WITH SEEDWAY TO OBTAIN SUCH ADDITIONAL RIGHTS AT AN INCREASE IN THE PURCHASE PRICE OF THE SEEDS OR PLANTS. IN NO EVENT SHALL SEEDWAY BE LIABLE FOR ANY INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO, LOSS OF PROFITS. ANY CONTROVERSY OR CLAIM ARISING OUT OF THIS SALE SHALL BE SETTLED BY ARBITRATION IN SYRACUSE, NEW YORK, IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION AND THE DECISION OF THE ARBITRATORS SHALL BE FINAL AND BINDING UPON BOTH PARTIES, AND ANY JUDGMENT UPON ANY AWARD RENDERED MAY BE ENTERED IN ANY COURT HAVING COMPETENT JURISDICTION. ANY ARBITRATION PROCEEDING OR OTHER CLAIM MUST BE BROUGHT IN CONNECTION WITH THIS TRANSACTION WITHIN ONE (1) YEAR AFTER THE GOODS ARE SOLD. THIS AGREEMENT SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK. THESE TERMS SHALL NOT BE MODIFIED OR AMENDED EXCEPT IN WRITING, SIGNED BY BOTH PARTIES. UPON THIRTY (30) DAYS NOTICE BY REGULAR MAIL. BY ACCEPTANCE OF THE SEEDS OR PLANTS, PURCHASER ACKNOWLEDGES THE TERMS OF THIS LIMITED WARRANTY AND LIMITATION OF DAMAGES AND REMEDY. THE TERMS OF THIS LIMITED WARRANTY CONSTITUTE THE ENTIRE AGREEMENT BETWEEN THE PARTIES REGARDING THE SALE OF SEEDS OR PLANTS.

| | |
|---|---|
| **Sales Tax** | |
| **Total** | **$5,822.20** |

PLEASE INCLUDE YOUR CUST.# ON ALL REMITTANCES. YOU MAY HAVE PREPAID THIS INVOICE. IT IS OUR POLICY TO SEND COPIES OF INVOICES FOR ALL SHIPMENTS. IF YOU HAVE PREPAID, PLEASE KEEP THIS INVOICE FOR YOUR RECORDS.



**INVOICE**

**SEEDWAY**

SEEDWAY LLC     P.O. BOX 250     HALL, NY

**SHIP TO:** KEITH CLUTE
1112 S 300 E
FOWLER IN 47944

| | |
|---|---|
| Page | 1 of 1 |
| Due Date | 05/14/17 |
| Customer No. | 1293190 |
| Invoice No. | 1304756 |
| Invoice Date | 05/09/17 |
| Order Number | 748262 SO |
| Branch/Plant | 510 |
| PLEASE INDICATE AMOUNT ENCLOSED | |

**BILL TO:**
KEITH CLUTE
1112 S 300 E
FOWLER IN 47944

**PLEASE SEND REMITTANCE TO:**

SEEDWAY LLC
P.O. BOX 28918
NEW YORK, NY 10087-8918

DETACH HERE            PLEASE RETURN THIS UPPER PORTION WITH YOUR PAYMENT            DETACH HERE

Please Direct Invoice Inquiries To: 800-836-3710

| Requested Date | Customer P.O. | F.O.B. | | Ship Inst. |
|---|---|---|---|---|
| 05/01/2017 | | Blank Freight Code | | |

| Lot No. | Description | Item Number | UM | Qty Shipped | Price | Extended Price |
|---|---|---|---|---|---|---|
| 1007271 | PEPPER LEXUS (USAP 11342) 50M ASSIGNED LOT IN 575 | 889488 | M | 2.00 | 54.7800 | 5,478.00 |

LIMITED ONE YEAR WARRANTY NOTICE TO BUYER:

SEEDWAY WARRANTS FOR ONE YEAR FROM THE DATE OF SALE THAT THE SEEDS AND PLANTS SOLD CONFORM TO THE LABEL DESCRIPTION, AS REQUIRED BY STATE AND FEDERAL SEED LAWS. SEEDWAY MAKES NO OTHER WARRANTIES, EXPRESS OR IMPLIED, OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE WHICH EXTEND BEYOND THE LABEL DESCRIPTION. LIABILITY FOR DAMAGES FROM ANY CAUSE, INCLUDING BUT NOT LIMITED TO, BREACH OF WARRANTY OR NEGLIGENCE WITH RESPECT TO SUCH SEEDS OR PLANTS IS LIMITED TO A REFUND OF THE PURCHASE PRICE. THIS REMEDY IS EXCLUSIVE. SHOULD PURCHASER WISH TO OBTAIN DIFFERENT RIGHTS THAN SET FORTH HEREIN, IT MAY NEGOTIATE WITH SEEDWAY TO OBTAIN SUCH ADDITIONAL RIGHTS AT AN INCREASE IN THE PURCHASE PRICE OF THE SEEDS OR PLANTS. IN NO EVENT SHALL SEEDWAY BE LIABLE FOR ANY INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO, LOSS OF PROFITS. ANY CONTROVERSY OR CLAIM ARISING OUT OF THIS SALE SHALL BE SETTLED BY ARBITRATION IN SYRACUSE, NEW YORK, IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION AND THE DECISION OF THE ARBITRATORS SHALL BE FINAL AND BINDING UPON BOTH PARTIES, AND ANY JUDGMENT UPON ANY AWARD RENDERED MAY BE ENTERED IN ANY COURT HAVING COMPETENT JURISDICTION. ANY ARBITRATION PROCEEDING OR OTHER CLAIM MUST BE BROUGHT IN CONNECTION WITH THIS TRANSACTION WITHIN ONE (1) YEAR AFTER THE GOODS ARE SOLD. THIS AGREEMENT SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK. THESE TERMS SHALL NOT BE MODIFIED OR AMENDED EXCEPT IN WRITING, SIGNED BY BOTH PARTIES, UPON THIRTY (30) DAYS NOTICE BY REGULAR MAIL. BY ACCEPTANCE OF THE SEEDS OR PLANTS, PURCHASER ACKNOWLEDGES THE TERMS OF THIS LIMITED WARRANTY AND LIMITATION ON DAMAGES AND REMEDY. THE TERMS OF THIS LIMITED WARRANTY CONSTITUTE THE ENTIRE AGREEMENT BETWEEN THE PARTIES REGARDING THE SALE OF SEEDS OR PLANTS.

| Sales Tax | |
|---|---|
| Total | $5,478.00 |

PLEASE INCLUDE YOUR CUSTOM ON ALL REMITTANCES. YOU MAY HAVE PREPAID THIS INVOICE, IT IS OUR POLICY TO SEND COPIES OF INVOICES FOR ALL SHIPMENTS. IF YOU HAVE PREPAID, PLEASE KEEP THIS INVOICE FOR YOUR RECORDS.

**SEEDWAY**

# GENETOS LANE
# & BUITENDORP LLP

ATTORNEYS AT LAW

1000 East 80th Place
Suite 555 North Tower
Merrillville, Indiana 46410
219-755-0400
Fax: 219-755-0410
www.glblegal.com

Lee I. Lane
Seth R. Buitendorp*

OF COUNSEL
Lambert C. Genetos
Joseph A. Biel**
Lily M. Schaefer

*Also Admitted in Wisconsin
**Also Admitted in Illinois

February 15, 2018

Keith Clute
1112 S 300 E
Fowler, IN 47944

Re:    Balance Due to Seedway LLC

Mr. Klute:

Our firm represents Seedway LLC.  As of this date of this letter, you owe Seedway a principal balance of $22,356.51, with accrued interest in the amount of $1,351.83.  Copies of the invoices are attached.

If you fail to contact our law firm within ten (10) days of this letter, we have been authorized to file suit.

Sincerely,

GENETOS LANE & BUITENDORP LLP

SETH R. BUITENDORP
ATTORNEY AT LAW

SRB
Encl.



40606

| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | | IN THE BENTON CIRCUIT COURT |
| | ) | SS: | 706 E. 5TH STREET |
| COUNTY OF BENTON | ) | | FOWLER, IN 47944 |

SEEDWAY, LLC,                              )
                                          )
          Plaintiff,                      )
                                          )
          -vs-                            )       CAUSE NO.: 04C01-1804-CC-00037
                                          )
KEITH CLUTE,                              )
                                          )
          Defendant.                      )

## Default Judgment

This cause is submitted upon application of Plaintiff for judgment by default against the Defendant(s) pursuant to Trial Rule 55. Plaintiff files a Verified Motion for Default Judgment. The Defendant(s) having been duly served by complaint and summons, pursuant to Trial Rule 4, and the Defendant(s) having failed to appear in person or by counsel to plead or otherwise comply with the Indiana Rules of Trial Procedure this cause is now submitted for finding and judgment. The Court duly advised in the premises now finds that the Plaintiff's motion for default judgment should be and is hereby granted and further that the Plaintiff should recover of the Defendant(s) the principal sum of $23,356.51, plus pre-judgment interest at the rate of 8% per annum from the date of each unpaid invoice for a total of pre-judgment interest of $1,920.35, and costs herein all with relief, all of which to draw interest thereon from this date forward at the rate of 8.0%, per annum.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff recover of the Defendant(s) the total sum of $25,276.76, with interest thereon at the rate of 8% per annum and costs herein with relief.

So Ordered this _____ day of **June 14, 2018** , 2018.

_____
Magistrate

_____
Judge, Benton Circuit Court

Distribution:
Seth R. Buitendorp, Genetos Lane & Buitendorp LLP, 7900 Broadway, Merrillville. IN 46410
Keith Clute, 1112 S. 300 E, Fowler, IN 47944

EN to Attorney and PN to defendant.
06/15/18 hl

| STATE OF INDIANA | ) | IN THE BENTON CIRCUIT COURT |
|---|---|---|
| | ) SS: | |
| BENTON COUNTY | ) | CAUSE NO. 04C01-1802-PL-_____ |

| | |
|---|---|
| RITE-WAY CONCRETE SEAL | ) |
| SYSTEMS, INC. | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| WINDY PRAIRIE FARMS LLC | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Plaintiff, Rite-Way Concrete Seal Systems, Inc. ("Rite-Way"), complains of the

Defendant, Windy Prairie Farms LLC ("Windy Prairie"), as follows:

### **THE PARTIES**

1.      Rite-Way is an Indiana corporation with its principal place of business in Wolcott,

Indiana.

2.      Windy Prairie is an Indiana corporation with its principal place of business in

Fowler, Indiana.

### **JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this action as Defendant is a resident entity doing

business in the State of Indiana.

4.      Venue is proper in this Court pursuant to Indiana Trial Rule 75(A)(1).

## COUNT I
## BREACH OF CONTRACT

5.      On April 14, 2017, Windy Prairie executed an agreement with Rite-Way where Rite-Way provided Windy Prairie with approximately 2,300 square feet of concrete at $ 3.85 per square foot for total costs of $8,855.00 (the "Agreement").  A true and accurate summary of the Agreement is attached as **Exhibit A**.

6.      Rite-Way fully performed all its contractual obligations and provided the requested concrete in accordance with the Agreement.

7.      The total cost for Rite-Ways goods and services in accordance with the Agreement was $8,855.00. *See* **Exhibit A**.

8.      Windy Prairie has failed to pay for the goods provided by Rite-Way.

9.      Windy Prairie's failure to pay constitutes a default and breach of the Agreement.

**WHEREFORE**, Plaintiff, Rite-Way Concrete Seal Systems, Inc. demands judgment against Defendant, Windy Prairie Farms LLC, in the amount of $8,855.00, plus pre-judgment and post-judgment interest, costs of this action and for all other relief that is just and proper in the premises.

## COUNT II
## ACCOUNT STATED

10.      Rite-Way hereby incorporates paragraphs 1 through 9 as though fully set forth herein.

11.      Rite-Way sent an invoice to Windy Prairie on May 22, 2017, for the goods provided to Windy Prairie.  A true and accurate copy of the May 22, 2017, invoice is attached as **Exhibit B**.

12.      Windy Prairie did not object to the charges when presented with the invoices.

13.     Rite-Way sent a second invoice to Windy Prairie on October 18, 2017, for the goods provided to Windy Prairie and included the charge of $36.00 for Windy Prairie's returned check for nonsufficient funds.  A true and accurate copy of the October 18, 2017, invoice is attached as **Exhibit C**.

14.     Windy Prairie did not object to the charges when presented with the invoices.

15.     Windy Prairie is liable to Rite-Way on the basis of an account stated.

16.     Rite-Way's damages for Windy Prairie's failure to pay its invoices to $8,891.00. A true and accurate copy of Rite-Way's affidavit of debt is attached as **Exhibit D**.

**WHEREFORE**, Plaintiff, Rite-Way Concrete Seal Systems, Inc. demands judgment against Defendant, Windy Prairie Farms LLC, in the amount of $8,891.00, plus pre-judgment and post-judgment interest, costs of this action and for all other relief that is just and proper in the premises.

## COUNT III
## CHECK FRAUD/CHECK DECEPTION

17.     Rite-Way hereby incorporates paragraphs 1 through 16 as though fully set forth herein.

18.     In October 2017, Windy Prairie knowingly or intentionally presented a certificate of deposit payable to Rite-Way dated October 5, 2017. A true and accurate copy of the check is attached as **Exhibit E**.

19.     The Check was dishonored because Windy Prairie failed to have sufficient funds. A true and accurate copy of Kentland Bank's Notice of dishonored check is enclosed as **Exhibit F**.

20.     Rite-Way provided notice to Windy Prairie of the returned check as required by Indiana Code § 26-2-7-1 *et seq.  See* **Exhibit C**.

21.     In accordance with the terms of the invoices sent to Windy Prairie, Rite-Way is entitled to the NSF fee for a returned check of $35.00. *See Id.*

22.     In accordance with Indiana Code § 26-2-7-6, Rite-Way is entitled to recover an additional $500 per check written by Windy Prairie.

23.     In accordance with Indiana Code §§ 35-43-5-5 and 34-24-3-1, Rite-Way is entitled to treble damages, i.e. $26,673.00.

24.     In accordance with Indiana Code §§ 26-2-7-5 and 34-24-3-1, Rite-Way is entitled to recover its reasonable attorneys' fees.

**WHEREFORE**, Plaintiff, Rite-Way Company, prays the Court for a judgment against the Defendant Windy Prairie Farms LLC and award Plaintiff costs and treble damages pursuant to Indiana Code § 26-2-7-1 *et seq.* and Indiana Code § 34-24-3-1, reasonable attorneys' fees and for all other just and proper relief.

### COUNT IV
### UNJUST ENRICHMENT

25.     Rite-Way hereby incorporates paragraphs 1 through 24 as though fully set forth herein.

26.     Windy Prairie received the use and benefit of goods provided to it by Rite-Way.

27.     Rite-Way has not been compensated for the goods and services that it provided to Windy Prairie.

28.     Windy Prairie has been unjustly enriched.

**WHEREFORE**, Plaintiff, Rite-Way Concrete Seal Systems, Inc. demands judgment against Defendant, Windy Prairie Farms LLC, in the amount determined by the evidence and for all other relief that is just and proper in the premises.

Respectfully submitted,

/s/ Jason W. Cottrell
**JASON W. COTTRELL**
Atty. No. 24837-09
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902
Telephone: (765) 423-1561
Email: jwc@stuartlaw.com
*Attorney for Rite-Way Concrete Seal Systems, Inc.*

| STATE OF INDIANA | ) | IN THE BENTON CIRCUIT COURT |
|---|---|---|
| COUNTY OF BENTON | ) | TO THE 2019 TERM |
| | | 04C01-1802-PL-000015 |

RITE-WAY CONCRETE SEAL )
SYSTEMS, INC. )
Plaintiff )
v. )
WINDY PRAIRIE FARMS, LLC )
Defendant )

**F I L E D**
IN OPEN COURT
OCT 0 2 2019
Natalie J Kidd
Clerk Benton Circuit Court

**ORDER**

Comes now, the Plaintiff by counsel, Joseph Harrison on this 1st day of October, 2019 for the purpose of a Status Hearing in the above cause. The Defendant, Keith Clute appears in person and with counsel, Daniel Blaney. The Defendant, Donald Clute fails to appear before the Court.

The hearing is conducted. Witness is sworn and testimony is heard. The Court now FINDS and ORDERS the following:

1. The current Writ of Body Attachment to be served upon Keith Clute is Stayed and counsel for the Defendants makes a verbal Motion to Continue this cause 30 days to give the Defendants additional time. The Court Grants Motion.

2. The Defendant Keith Clute is ORDERED to pay $6,000.00 (six thousand dollars) towards this Judgment on or before the 31st day of October 2019 by 3:00 p.m. All payments shall be made at the Benton County Clerk's Office.

3. In the event that Keith Clute fails to make the full $6,000.00 payment on or before the 31st day of October 2019, an Automatic Writ of Body Attachment shall be issued for the arrest of Keith Clute.

4. The Court denies the verbal Motion for Attorney Fees made by the Plaintiff.

5. A further hearing is set for <u>November 5th, 2019 at 1:30 p.m.</u> in the Benton Circuit Court. All parties are ORDERED to appear. Keith Clute acknowledges the date and time. Counsel for the Defendants assures the Court that Donald Clute will appear.

6. Counsel for the Plaintiff brings to the Courts attention what he believes is a discrepancy in the amount of the Judgment. Court directs Court Staff to research the issue.

ENTERED AND ORDERED ON THIS 1ST DAY OF OCTOBER 2019.

Rex W. Kepner
Judge of the Benton Circuit Court

Distribution:
    Plaintiff
    Defendant

en to attorney for all parties
10/03/19hl

STATE OF INDIANA          )        IN THE BENTON CIRCUIT COURT
COUNTY OF BENTON          )        TO THE 2019 TERM
                                   04C01-1802-PL-000015

RITE-WAY CONCRETE SEAL    )
SYSTEMS, INC.,            )
Plaintiff                )                    **F I L E D**
          V.             )                    IN OPEN COURT
WINDY PRAIRIE FARMS, LLC., )
Defendant                )                    AUG 2 3 2019

                                              *Natalie J Kidd*
                     **ORDER**                Clerk Benton Circuit Court

          Comes now, the Plaintiff by counsel, Joseph Harrison on this 21st day of August 2019
for the purpose of a Petition for Proceeding Supplement Hearing filed by the Plaintiff.  The
Defendants Keith Clute and Donald Clute fail to appear before the Court.  Court Staff
reached out to Defendants counsel Mr. Blaney prior to the hearing with no reply.
          The hearing was held on the record.
          The Court **NOW FINDS:**

1. The Plaintiff reports the Defendants have failed to make June, July and August
   payments.  **The Court finds the Defendants failed to comply with the Court Order
   and are now ORDERED to pay $4,500.00 to the Plaintiff within 15 days of the
   date of the file stamp of this Order.**
2. In the event the Defendants fail to make the full payment of $4,500.00 to the
   Plaintiff on or before 15 days from the date of this Order the Court shall enter an
   Order for a Writ of Attachment for the arrest of Keith Clute.
3. Counsel for the Plaintiff makes a verbal Motion requesting the Defendants pay
   the Attorney Fees for today's hearing.  **The Court Grants Motion and now directs
   the Clerk of Benton County to add an additional $400.00 (four hundred dollars)
   to the total amount of the Judgment.**
4. The Court now sets a further hearing for <u>October 1st, 2019 at 1:30 pm</u> in the
   Benton Circuit Court.
5. Donald Clute is Ordered to Appear on October 1st 2019 at 1:30 p.m.
6. Keith Clute is Ordered to Appear on October 1st, 2019 at 1:30 p.m.
7. A copy of this Order shall be served upon Donald Clute at 1006 East 7th Street,
   Fowler, IN by Sheriff.
8. A copy of this Order shall be served upon Keith Clute at 1112 S. 300 E.,Fowler, IN
   by Sheriff.
9. The Clerk of Benton County is directed to send a copy of this Order to Attorney
   Dan Blaney through e-file.

          ENTERED AND ORDERED ON THIS 23RD DAY OF AUGUST 2019.

                              _____
                              Rex W. Kepner
                              Judge of the Benton Circuit Court

Distribution:

Attorney Joseph H. Harrison
en   Attorney Daniel C. Blaney
en
pn   Donald Clute by Sheriff
pn   Keith Clute by Sheriff
pn   Sheriff
08/26/19hl



RTS | REILING
TEDER
& SCHRIER, LLC

Renaissance Place, Sixth Floor
250 Main Street, Suite 601
P.O. Box 280
Lafayette, IN 47902-0280

Tel: (765) 423-5333
Fax: (765) 423-4564
www.rtslawfirm.com

March 30, 2015

**FILED**

APR 1 3 2015

*Natalie J Kidd*

Clerk Benton Circuit Court

Clerk, Benton Circuit Court
Courthouse
706 E 5th St, Rm 37
Fowler, IN 47944

Re:     **Eduardo Hernandez v. Keith Clute**

Dear Clerk:

Enclosed please find the original and copies of the following documents for filing in the above matter:

1.     Appearance by Attorney in Civil Case
2.     Complaint
3.     Summons to Keith Clute

Also enclosed is a check in the amount of $154.00 for filing fees.

Please return a file-marked copy of these documents to me in the enclosed self-addressed, stamped envelope.

Should you have any questions please contact me.

Sincerely,

Ryan C. Munden

RCM/jl
Enclosures

---

Robert C. Reiling, Jr. / rcr@rtslawfirm.com

Joshua R. Cook / jrc@rtslawfirm.com

Kevin J. Riley / kjr@rtslawfirm.com
Also admitted in Tennessee

Daniel A. Teder / dat@rtslawfirm.com

Amanda C. Redick / acr@rtslawfirm.com
Also admitted in Georgia

James R. Schrier / jrs@rtslawfirm.com

Ryan C. Munden / rcm@rtslawfirm.com

William Bonsignore – Of Counsel / wb@rtslawfirm.com
Also admitted in North Carolina

FILED

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE BENTON CIRCUIT COURT |
| | ) SS: | APR 1 3 2015 |
| COUNTY OF BENTON | ) | TO THE 2015 TERM |

*Natalie J Kidd*
Clerk Benton Circuit Court

| | |
|---|---|
| EDUARDO HERNANDEZ, )  PLAINTIFF, ) | |
| ) | |
| v. ) | CAUSE NO. 04C01-1504-PL- 55 |
| ) | |
| KEITH CLUTE, )  DEFENDANT. ) | |

## **COMPLAINT**

COMES NOW Plaintiff Eduardo Hernandez ("Hernandez") by counsel and for his

Complaint against Defendant Keith Clute ("Clute") states:

### **COUNT I**
### **VIOLATION OF I.C. §22-2-9-1 AND §22-2-5-1**

1.    Plaintiff is an individual who resides in Frankfort, Clinton County, Indiana.

2.    Clute is an individual who resides at 1112 S. 300 E, Fowler, Benton County, Indiana.

3.    Clute was Hernandez's employer within the meaning of the Indiana Wage Claims Statute.

4.    Hernandez was to be paid on an hourly basis in exchange for his services as an employee

of Clute.

5.    Clute has failed to compensate Hernandez for all of the wages he earned in his

employment activities.

6.    Indiana Code §22-2-9-2 provides that "Whenever any employer separates any employee

from the pay-roll, the unpaid wages or compensation of such employee shall become due  and

payable at regular pay day for pay period in which separation occurred."

7.    Hernandez was separated from Clute's employ on August 11, 2014.

8.    The pay date immediately following Hernandez's separation has passed.

9.   Hernandez has been damaged as a result of Clute's unlawful conduct.

10.   Pursuant to I.C. 22-2-9-4, this matter has been referred to Plaintiff's counsel for pursuit.

See Exhibit A attached hereto and incorporated herein by this reference.

WHEREFORE Plaintiff demands judgment in his favor, and against Defendant, for:

     a.   His accrued but unpaid wages;

     b.   Liquidated damages in an amount equal to 200% of his unpaid wages pursuant to

        I.C. §22-2-5-2;

     c.   His attorney's fees, pursuant to I.C. §22-2-5-2; and

     d.   All other relief this Court deems necessary and proper in the premises.

## COUNT II
## BREACH OF CONTRACT

11.   Plaintiff incorporates by reference paragraphs 1 through 10 of this Complaint.

12.   On or about May 30, 2014, Defendant entered into an agreement with Plaintiff pursuant to which Plaintiff was to be paid $10.00 per hour in exchange for his services to Defendant (the "Contract").

13.   Defendant has failed to pay Plaintiff pursuant to the Contract.

14.   Plaintiff performed approximately 580 hours of services for Defendant pursuant to the Contract.

15.   Plaintiff has only been paid approximately $1,300.00.

16.   Defendant is in breach of the Contract for failing to pay Plaintiff for his services pursuant to the terms of the Contract.

17.   Plaintiff has performed all conditions precedent to its obligations under the Contract and is not currently in breach or default of such Contract.

WHEREFORE, Plaintiff demands judgment of the Defendant for all unpaid amounts due under the Contract, for its costs in this action, all without relief from valuation and appraisement laws and for all other proper relief in the premises.


Ryan C. Munden
Attorney #29401-49
REILING TEDER & SCHRIER, LLC
250 Main Street, Suite 601
P. O. Box 280
Lafayette, IN  47902-0280
Telephone:  (765) 423-5333
Facsimile:  (765) 423-4564
E-mail Address:  rcm@rtslawfirm.com

ATTORNEY FOR PLAINTIFF

*This is a communication made in connection with an attempt to collect from you a debt owed to Plaintiff. Any information obtained will be used for that purpose. This notice pertains to your dealings with Reiling Teder & Schrier, LLC, as a debt collector. It does not affect your dealings with the Court, and in particular it does not change the time at which you must answer the Complaint. The Summons is a command from the Court, not from Reiling Teder & Schrier, LLC, and you must follow its instructions even if you dispute the validity or amount of the debt. The advice in this notice also does not affect Reiling Teder & Schrier, LLC's, relations with the Court. As a law firm, Reiling Teder & Schrier, LLC, may file papers in the suit according to the Court's rules and the judges instructions.*

CHRONOLOGICAL CASE SUMMARY
# CASE SUMMARY
## CASE NO. 04C01-1504-PL-000055

| | | | |
|---|---|---|---|
| Eduardo Hernandez | § | Location: | **Benton Circuit Court** |
| | § | Judicial Officer: | **Kepner, Rex** |
| vs. | § | Filed on: | **04/15/2015** |
| | § | | |
| Keith Clute | | | |

---

### CASE INFORMATION

Case Type: **PL - Civil Plenary**

Case Status: **04/15/2015  Pending**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 04C01-1504-PL-000055 |
| Court | Benton Circuit Court |
| Date Assigned | 04/15/2015 |
| Judicial Officer | Kepner, Rex |

---

### PARTY INFORMATION

| | | *Attorneys* |
|---|---|---|
| **Plaintiff** | **Hernandez, Eduardo**<br>*703 S. Columbia St. Suite 601*<br>*Frankfort, IN 46041* | **Munden, Ryan C.**<br>*Retained*<br>*765-423-4564(F)*<br>*765-423-5333(W)*<br>*REILING TEDER &*<br>*SCHRIER LLC*<br>*P O BOX 280*<br>*LAFAYETTE, IN 47902-*<br>*0280* |
| **Defendant** | **Clute, Keith**<br>*1112 S. 300 E.*<br>*Fowler, IN 47944* | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/15/2015 | Case Opened as a New Filing | |
| 04/15/2015 | Information Filed<br>File Stamp: 04/13/2015<br>*Comes now the Defendant by council and files Complaint and Summons.* | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

| | | |
|---|---|---|
| **Plaintiff** Hernandez, Eduardo | | |
| Total Charges | | 154.00 |
| Total Payments and Credits | | 154.00 |
| **Balance Due as of 4/15/2015** | | **0.00** |

*Printed on 04/15/2015 at 2.27 PM*

CHRONOLOGICAL CASE SUMMARY

# CASE SUMMARY
## CASE NO. 04C01-1504-PL-000055

| | | |
|---|---|---|
| Eduardo Hernandez | § | Location: **Benton Circuit Court** |
| | § | Judicial Officer: **Kepner, Rex** |
| vs. | § | Filed on: **04/15/2015** |
| | § | |
| Keith Clute | | |

---

### CASE INFORMATION

Case Type: **PL - Civil Plenary**

Case Status: **04/15/2015  Pending**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number          04C01-1504-PL-000055
Court                      Benton Circuit Court
Date Assigned         04/15/2015
Judicial Officer       Kepner, Rex

---

### PARTY INFORMATION

| | | *Attorneys* |
|---|---|---|
| **Plaintiff** | **Hernandez, Eduardo**<br>*703 S. Columbia St. Suite 601*<br>*Frankfort, IN 46041* | **Munden, Ryan C.**<br>*Retained*<br>*765-423-4564(F)*<br>*765-423-5333(W)*<br>*REILING TEDER &*<br>*SCHRIER LLC*<br>*P O BOX 280*<br>*LAFAYETTE, IN 47902-*<br>*0280* |
| **Defendant** | **Clute, Keith**<br>*1112 S. 300 E.*<br>*Fowler, IN 47944* | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/15/2015 | Case Opened as a New Filing | |
| 04/15/2015 | Information Filed<br>File Stamp: 04/13/2015<br>*Comes now the Defendant by council and files Complaint and Summons.* | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

**Plaintiff**  Hernandez, Eduardo
Total Charges                                                              154.00
Total Payments and Credits                                          154.00
**Balance Due as of  4/15/2015**                                   **0.00**

Benton County

# WRIT OF BODY ATTACHMENT

### Expiration Date:
### Warrant/Writ Number: 04C01-1504-PL-000055 - 3

STATE OF INDIANA ) IN THE BENTON CIRCUIT COURT

COUNTY OF BENTON ) CASE NO: 04C01-1504-PL-000055

| Keith Clute<br>1112 S 300 E<br>Fowler IN 47944 | Alias: | DOB:<br>08/29/1958 | Height:<br>6'3" | Weight:<br>260lbs |
|---|---|---|---|---|
| Drivers License Number:<br>IN 8919-75-6376 | Plate: | Gender:<br>MALE | Eye Color:<br>BROWN | Hair Color:<br>BROWN |
| Citation #: | Photo ID: | Defendants Phone:<br>765-426-8845 | SSN:<br>XXX-XX4824 | Race:<br>WHITE | Ethnicity: |

You are hereby commanded to attach the body of Keith Clute to answer for contempt of Court for failure to appear as directed.

# RETURN

JAN 13 2020

*Natalie J Kidd*
Clerk Benton Circuit Court

WITNESS, the Clerk and Seal of said Court, this 9th day of January, 2020.

*Natalie J Kidd*
Clerk, Benton Circuit Court

Bond Amount: $1,000.00

Split Bond Amount: $

Notes:

COC: **Benton County Sheriff**

RECEIVED

JAN 1 0 2020

BENTON COUNTY SHERIFF
DONALD E. MUNSON

Served this _1_ day of _JAN_____, 20_20_.

Sheriff, _____, IN.

By: (Deputy Sheriff)

Sheriff Return!

STATE OF INDIANA )      IN THE BENTON CIRCUIT COURT

COUNTY OF BENTON )      TO THE 2019 TERM

       04C01-1504-PL-000055

EDUARDO HERNANDEZ, )

Plaintiff )

    v. )

KEITH CLUTE, )

    Defendant )

**ORDER**

*FILED*

*IN OPEN COURT*

*NOV 0 7 2019*

*Natalie J. Kidd*

*Clerk Benton Circuit Court*

      Comes now the Plaintiff, by counsel on this 5th day of November 2019 for the purpose of a Hearing on the Plaintiffs Rule to Show Cause filed on July 18, 2019. The Defendant, Keith Clute fails to appear before the Court.

      At the request of counsel, the Court now sets this matter for hearing on the 7th **day of January 2020 at 1:30 p.m.** The parties are Ordered to appear.

               **ENTERED AND ORDERED ON THIS 7TH DAY OF NOVEMBER 2019.**

_____

**Rex W. Kepner**

**Judge of the Benton Circuit Court**

Distribution:

   en Plaintiff

   pn Defendant- *by Sheriff*

   11/07/19hl

FILED

APR - 7 2017

*Natalie J. Kia*
Clerk Benton Circuit

| STATE OF INDIANA | ) | IN THE BENTON CIRCUIT COURT |
| COUNTY OF BENTON | ) SS: | TO THE 2017 TERM |

Eduardo Hernandez,
    Plaintiff,

    v.                             CAUSE NO. 04C01-1504-PL-55

Keith Clute,
    Defendant.

## VERIFIED MOTION FOR
## PROCEEDINGS SUPPLEMENTARY TO EXECUTION

The undersigned attorney for Plaintiff herein, petitions the Court and says:

1.      That on 8/17/2015, a judgment was obtained in this Court against Defendant Keith Clute, by Plaintiff Eduardo Hernandez, for the sum of $19,268.60, plus post-judgment interest and court costs.

2.      The judgment remains unpaid and there is now due a sum of $20,035.43, plus post judgment interest at the rate of $4.22 per day from April 3, 2017.

3.      Plaintiff has no cause to believe that levy of execution against Defendant will satisfy the judgment.

4.      Plaintiff believes that Defendant, individually or jointly, has non-exempt property, income, wages, assets or profits within the State of Indiana subject to execution, which together with all other specified or unspecified property of Defendant exceeds the amount exempt by law from execution.

**WHEREFORE**, Plaintiff prays:

(1)     That the Court issue an order requiring Defendant to appear before this Court at a designated time to answer as to any non-exempt property, income, wages, assets or profits which can be applied to the satisfaction of this judgment and to answer as to non-exempt property, income, wages, assets or profits which Defendant has, or which from time to time Defendant may have, individually or jointly, due and owing;

(2)     That the Court, after hearing and pursuant to statute, issue an appropriate order to apply property towards the judgment.

Ryan C. Munden
 Attorney #29401-49
REILING TEDER & SCHRIER, LLC
6th Floor, Renaissance Building
250 Main Street, Suite 601
P. O. Box 280
Lafayette, IN  47902-0280
Telephone: (765) 423-5333
Facsimile:  (765) 423-4564
Email:  rcm@rtslawfirm.com
ATTORNEY FOR PLAINTIFF

*This is a communication made in connection with Plaintiff's attempt to collect a debt from you and any information obtained will be used for that purpose.*