**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

|  | | |
|---|---|---|
| ENRIQUE GONZALEZ LEIVA,<br>ROGELIO CORONA TREJO,<br>GABRIEL GARCIA ARROYO,<br>VALENTIN GARCIA ARROYO,<br>RAUL GONZALEZ LEYVA,<br>LUIS LOPEZ CARRASCO,<br>JOSE ALBINO LEYVA,<br>SIMON GONZALEZ HERNANDEZ, and<br>KIMBERLY DELGADO,<br><br>     Plaintiffs,<br><br>v.<br><br><br>WINDY PRAIRE FARM LLC,<br>KEITH CLUTE, and<br>SHAWN NOWER,<br><br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:19-cv-00087-TLS-JPK<br><br>JURY DEMAND |

**PLAINTIFFS' MOTION FOR REMOTE TESTIMONY**
**BY CONTEMPORANEOUS TRANSMISSION**

The Court has set a hearing on Plaintiffs' Motion for Default Judgment for February 12, 2020 at 9:00 a.m.  There are nine plaintiffs in this case; eight of the Plaintiffs are citizens and residents of Mexico.  One of the Plaintiffs is a citizen and resident of the U.S.  Four of the Plaintiffs are presently in the U.S. and are staying in or near Tallahassee, Florida: LUIS LOPEZ CARRASCO, GABRIEL GARCIA ARROYO, VALENTIN GARCIA ARROYO and KIMBERLY DELGADO. The remaining Plaintiffs have returned to their homes in Mexico.  *See* Plaintiffs' Affidavits and redacted visas in support of their damages brief. (ECF No. 21).

1

As for those Plaintiffs who reside outside of the state of Indiana, Plaintiffs move this Court for an order allowing them to testify telephonically by contemporaneous transmission pursuant to Rule 43(a) of the Federal Rules of Civil Procedure.

This motion is supported by the following Memorandum of Law and enclosed Exhibits.

## I.      STATEMENT OF FACTS

Plaintiffs are guest workers from Mexico who were trafficked into the United States through the federal government's H-2A guest worker program, to work in Defendants' vegetable farming operations in Indiana in 2019. (ECF no. 1 ¶ 1). Plaintiffs are indigent and rely on low-wage itinerant employment for their subsistence and to support their families back in Mexico. (ECF No. 21, Ex. 1).  Upon expiration of Plaintiffs' H-2A visas, which occurred in November 2019, their right to legally reside in the United States ended. (ECF No. 21, Ex. 1, 3).   Plaintiffs Enrique Gonzalez Leiva, Rogelio Corona Trejo, Raul Gonzalez Leyva, Jose Albino Leyva, and Simon Gonzalez Hernandez, (the "Mexico Plaintiffs"), returned to their hometowns in Mexico. (ECF No. 21, Ex. 1).  The remaining Mexican Plaintiffs, (the "U.S. Plaintiffs"), no longer have valid visa status. (ECF No. 21, Ex. 1).  They have applied for Continued Presence through the U.S. Department of Homeland Security as victims of a severe form of human trafficking [Ex. 1, Decl. of Att'y Emma Hughes].  This status should allow them to remain in the U.S. to pursue their legal rights; however due to their tenuous status, long distance travel within the United States presents a risk for the Mexican Plaintiffs in the U.S.  Since their status is still pending with D.H.S. they are not able to obtain a driver's license to travel to Indiana, and immigration officials continue to detain individuals with pending applications. [Ex. 2, *Freezing out Justice*].  Long-distance travel for some foreign nationals in the United States presents a risk of being detained by overzealous immigration enforcement officers and being placed in deportation proceedings.

Greyhound riders are being targeted by federal immigration agents in Florida. [Ex. 3, Miami Herald article].

Plaintiffs' counsel has professional contacts in Tallahassee, Florida, who can facilitate the contemporaneous telephonic and/or video testimony by U.S. Plaintiffs for their upcoming hearing. [Ex. 1, Decl. of Emma Hughes].  Plaintiffs' counsel will work with the court's technology department to facilitate the remote testimony and will troubleshoot technical problems in advance of the hearing.  The Mexico Plaintiffs are scattered throughout rural Mexico and are unable to return to the U.S. without valid visitor visas.  They are available to testify by telephone if this honorable Court so requires.  Plaintiffs will pay all costs associated with the remote testimony.  Plaintiffs will provide a copy of their identifications to the Court to verify their identify prior to their testimony.

## II.    ARGUMENT

Rule 43 of the Federal Rules of Civil Procedure provides that testimony by contemporaneous transmission (by telephone or videoconference, for instance) may be taken in open court "[f]or good cause in compelling circumstances and with appropriate safeguards." *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013) (citing Fed. R. Civ. P. 43(a)). See, e.g., *Barrera-Quintero v. Holder*, 699 F.3d 1239, 1248-49 (10th Cir. 2012) (upholding, over petitioner's procedural due process objections, the use of telephonic testimony in a removal proceeding where the witness was located hundreds of miles away from the hearing and there was no need for the witness "to be confronted in person").

The determination of whether remote testimony is warranted is a matter of the court's discretion. *Mendoza v. Pascual*, No. CV 615-40, 2015 U.S. Dist. LEXIS 58806, *3 (S.D. Ga. May 5, 2015).  See *General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997) ("Evidentiary rulings

3

are reviewed for abuse of discretion;" see also *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 714 (Fed Cir. 2005).

Federal courts have implied power to manage their internal affairs and to control their own dockets. See *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991) (citing *United States v. Hudson*, 7 Cranch 32, 34 (1812); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)); accord *Miller v. Wolpoff & Abramson, LLP*, 309 Fed.Appx. 40, 42 (7th Cir. 2009) (a federal court has inherent authority to manage its own docket). These inherent powers of the federal courts are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co*., 370 U.S. 626, 630–631 (1962)); see also *Miller*, 309 Fed.Appx. at 42.

### 1.  Plaintiffs have good cause to justify contemporaneous remote testimony

The Advisory Committee Notes to Fed. R. Civ. P. 43 state that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different location." Fed R. Civ. P. 43 Advisory Committee's Note (1996 Amendments). The commentary goes on to note that "[o]ther possible justifications for remote transmission must be approached cautiously. *Id*. However, "[g]ood cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission." *Id*. Here there is no opposing party. In addition, the concerns about live testimony are lessened when the fact finder is the court rather than a jury. *Roehrs v. Minn. Life Ins. Co*., No. CV-03-1373, 2005 U.S. Dist. LEXIS 31978 at *2 (D. Ariz. Dec. 6, 2005).

Moreover, since the 1996 amendment, federal courts have shown "a consistent sensitivity to the utility of evolving technologies that may facilitate more efficient, convenient, and comfortable litigation practices." *Lopez v. NTI*, 748 F. Supp. 2d 471, 480 (citing 9A Wright & Miller, *Federal Practice & Procedure* § 2414 (3d ed. 2008)).

### A.  The Mexico Plaintiffs

The cost of international travel can provide good cause for contemporaneous transmission of testimony. *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md., Sept. 16, 2010) (distinguishing between workers located in Honduras, who would be permitted to testify remotely, and those located in Virginia and Tennessee, who were required to appear in court).  See also *Angamarca v. Da Ciro, Inc*., 303 F.R.D. 445, 448 (S.D.N.Y. 2012) (permitting plaintiff to testify from abroad via video link because of his immigration status); *Dagen v. CFC Grp. Holdings*, No. 00 Civ. 5682, 2003 U.S. Dist. LEXIS 20029 (S.D.N.Y. Nov. 7, 2003) (permitting testimony by telephone of witnesses based in Hong Kong rather than travel to New York where absence of testimony would cause incurable prejudice and travel costs and other considerations were valid concerns).[1]

In *Lopez*, the court found good cause for remote testimony for indigent plaintiffs residing in Honduras: "When viable alternatives like videoconferencing are available, compelling individuals who make no more than $7,000 a year to travel hundreds of miles seems fundamentally unjust." *Id*.  at 480.

---

[1] See also: *Salguero v. Argueta*, 17-CV-125, 2017 U.S. Dist. LEXIS 42499 (E.D.N.C. Mar. 23, 2017) (permitting remote testimony to avoid the cost of international travel); *Virtual Architecture, Ltd. v. Rick*, 08 Civ. 5866, 2012 U.S. Dist. LEXIS 15118 (S.D.N.Y. Feb. 7, 2012) (finding expense and inconvenience of international travel sufficient to permit witness to testify remotely from the Seychelles)

Here, the Mexico Plaintiffs cannot afford the costs of travel to appear in person at the upcoming hearing for the purpose of providing in-court testimony.  All Plaintiffs are low-wage workers, earning minimal wages on a weekly basis; and their wages are used to support themselves and/or their families.  Furthermore, Plaintiffs were victimized less than six months ago and are still enduring significant financial struggles because they were not paid for months of hard labor.  Requiring Plaintiffs to appear at the hearing in person would impose a severe financial hardship on each of them and would effectively prevent Plaintiffs from asserting their rights under the FLSA and the TVPRA.  Such a result would counter the remedial purposes of these laws.

Moreover, securing a visa for admission to the United States is not only costly but a complex procedure.  For the Mexico Plaintiffs' to be able to enter the United States to attend the hearing, they would need to seek either a "Visitor Visa" or "Humanitarian Parole," each of these options require submission of an application and supporting documentation, along with processing fees.  Although live testimony may be desirable, the obstacles of obtaining visas for the Mexico Plaintiffs to testify, coupled with the financial burden of traveling to the United States are sufficient factors to establish good cause allowing for contemporaneous remote testimony via telephone.

### B.  The U.S. Plaintiffs that Reside Outside of Indiana

In some cases, travel cost and inconvenience have justified contemporaneous transmission even when the parties are located within the United States.  *Lopez* at 480. See, e.g. *Beltran-Tirado v. INS*, 213 F.3d 1179, 1186 (9th Cir. 2000) (affirming use of telephonic testimony for hearing in California for witness in Missouri); *FTC v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000) (permitting witness to testify remotely to avoid inconvenience of travel from

Oklahoma to Washington D.C.); *Lyons v. Leonhardt*, No. 1:11CV00446, 2013 U.S. Dist. LEXIS 101212, *11 (D. Nev. July 19, 2013) (video conference testimony appropriate when witness was located more than 100 miles from the courthouse).

Moreover, courts frequently allow remote testimony in special circumstances, such as where a vital witness would be endangered or made uncomfortable by appearing in a courtroom. *Eller v. Trans Union, LLC*, 739 F.3d 467, 478.  See, e.g., *Parkhurst v. Bell*, 567 F.3d 995, 997, 1002-03 (8th Cir. 2009) (child victim of sexual abuse); *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (unpublished) (three witnesses posed security threats and the fourth would be deprived of necessary mental health support if he had to testify in person).

The U.S. Plaintiffs who reside outside of Indiana are also unable to afford the costs of travel to appear in person at the upcoming hearing for the purpose of providing in-court testimony. Moreover, due to their tenuous immigration status, any long-distance travel would place the U.S. Plaintiffs at risk of being picked up by immigration enforcement officers and placed in deportation proceedings.

Requiring these Plaintiffs to appear at the hearing in person would not only impose a severe financial hardship on each of them, but it would also expose them to the risk of being picked up by immigration enforcement officers, possibly extinguishing their access to humanitarian relief as victims of human trafficking in the United States.  Such a requirement would prevent Plaintiffs from asserting their rights under the FLSA and the TVPRA.  For these reasons, the U.S. Plaintiffs that reside outside of Indiana have good cause to justify contemporaneous remote testimony via telephone.

   2. **Plaintiffs will implement appropriate safeguards to ensure the integrity of their contemporaneous remote testimony.**

7

Safeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness. Fed R. Civ. P. 43 Advisory Committee's Note (1996 Amendments).  Accurate transmission likewise must be assured. *Id.*

Examples of procedures used to satisfy the rule include the swearing in of the witness remotely, ensuring that the witness is alone and has been provided with documentary evidence in advance, requiring the movant to pay the associated costs, and requiring that the means of providing remote testimony be tested in advance. *Alcalá v. Hernández,* No. 4:14-CV-04176, 2015 U.S. Dist. LEXIS 54526, *5-6 (D.S.C. Apr. 27 2015).

Plaintiffs propose that the remote telephonic testimony of the Mexico Plaintiffs and of the U.S. Plaintiffs who reside outside of Indiana, be facilitated by counsels' professional contacts. Plaintiffs' counsel will work with the court's technology department to facilitate the remote testimony and will troubleshoot technical problems in advance of the hearing.  Plaintiffs will pay all costs associated with the remote testimony, and will provide a copy of their identifications to the Court to verify their identity prior to their testimony.  These proposals are appropriate safeguards to ensure the integrity of their contemporaneous remote testimony.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court allow the Plaintiffs who reside outside of the State of Indiana to appear and testify telephonically by contemporaneous transmission.

This 6th day of February, 2020.

8

Respectfully submitted,

/s/ David W. Frank
David W. Frank, #31615-02
Neighborhood Christian Legal Clinic, Inc.
347 West Berry Street, Suite 101
Fort Wayne, Indiana 46802
Tel. (260) 456-8972
dfrank@nclegalclinic.org

/s/ Kristin A. Hoffman
Kristin A. Hoffman, #33729-49
Indiana Legal Services, Inc.
Worker Rights and Protection Project
151 North Delaware Street, Suite 1800
Indianapolis, Indiana 46204
Tel. (317) 829-3068
kristin.hoffman@ilsi.net

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of February 2020, a true and correct copy of the foregoing document was served on all attorneys of record by the CM/ECF electronic case filing system and sent via United States Mail to the following:

Windy Prairie Farm LLC
c/o Daniel C. Blaney, Esq.
124 East State Street, P.O. Box 500
Morocco, IN 47963

Keith Clute
1112 S. 300 E.
Fowler, IN 47944

Shawn Nower
1112 S. 300 E.
Fowler, IN 47944

/s/ Kristin A. Hoffman
Counsel for Plaintiffs

9