UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ENRIQUE GONZALEZ LEIVA, ROGELIO CORONA TREJO, KIMBERLY DELGADO, VALENTIN GARCIA ARROYO, GABRIEL GARCIA ARROYO, RAUL GONZALEZ LEYVA, LUIS LOPEZ CARRASCO, JOSE ALBINIO LEYVA, and SIMON GONZALEZ HERNANDEZ  Plaintiffs,  v.  KEITH CLUTE, SHAWN NOWER, AND WINDY PRAIRIE FARM LLC,  Defendants. | CAUSE NO.: 4:19-CV-87-TLS-JPK |

**ORDER**

This matter is before the Court on the Findings, Report and Recommendation of the United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 32], filed by Magistrate Judge Joshua P. Kolar on March 4, 2020. On September 11, 2019, Plaintiffs filed a Complaint [ECF No. 1] seeking damages for alleged violations of human trafficking and other labor laws. The Complaint was served upon each Defendant on September 16, 2019 [ECF Nos. 8, 9, 10]. Defendants' Answer was due on October 7, 2019, but none of the Defendants appeared, filed an answer, or otherwise responded to the Complaint. Clerk's Entry of Default at 1, ECF No. 13; *see also* Fed. R. Civ. P. 12(a)(1)(A). On October 9, 2019, the Clerk of Court entered default against the Defendant. Clerk's Entry of Default at 1. Also, on October 9, 2019, Plaintiffs filed a Motion for Entry of Judgment [ECF No. 14] requesting entry of default judgment against Defendants, 90 days to submit their request for damages and brief in support thereof, and any necessary hearings and proceedings. On November 6, 2019, this matter was referred to Judge

Kolar for a Report and Recommendation. *See* Order, ECF No. 15. On February 4, 2020, Plaintiffs filed a Brief [ECF No. 21] in support of the motion for default judgment, accompanied by, *inter alia*, (1) the affidavits of Plaintiffs Enrique Gonzalez Leiva, Rogelio Corona Trejo, Gabriel Garcia Arroyo, Valentin Garcia Arroyo, Raul Gonzalez Leyva, Luis Lopez Carrasco, Jose Albino Leyva , Simon Gonzalez Hernandez,  and Kimberly Delgado [ECF No. 21-1]; (2) a United States Department of Labor job order [ECF No. 22-2]; and (3) photos H-2A visas [ECF No. 22-3].

On February 12, 2020, Judge Kolar conducted a hearing on Plaintiffs' Motion [ECF No. 25]. On February 24, 2020, Judge Kolar held a telephonic conference to address a discrepancy between the job order [ECF No. 1-1] filed with Plaintiff's Complaint and the job order [ECF No. 22-2] filed with Plaintiffs' Brief in Support of the Motion for Entry of Judgment. Judge Kolar noted that "Plaintiffs' counsel explained . . . while the Complaint references the correct job order, an incorrect job order was inadvertently attached as Exhibit A." R. & R. at 2, ECF No. 32; *see also* Pls.' Mot. for Leave to File First Am. Compl. ¶¶ 7–8, ECF No. 29.

On February 26, 2020, Plaintiffs filed Plaintiffs' Motion for Leave to File First Amended Complaint [ECF No. 29] to correct the above error. On February 27, 2020, Judge Kolar granted [ECF No. 30] this Motion, ordered Plaintiffs to serve a copy of the First Amended Complaint on Defendants in accordance with the Federal Rules of Civil Procedure. On February 28, 2020, Plaintiffs filed an Amended Complaint [ECF No. 31].

On March 4, 2020, Judge Kolar issued a Report and Recommendation [ECF No. 32] which recommended "that the District Court **DENY as moot** Plaintiffs' Motion for Entry of Judgment [DE 14]." R. & R. at 3. Crucial to Judge Kolar's Recommendation is the conclusion that "[t]he filing of an amended complaint moots a pending motion for default judgment." R. &

R. at 3(citing *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) ("Once an amended pleading is filed, it supersedes the prior pleading."); *N. Am. Van Lines, Inc. v. N. Am. Moving & Storage, Inc*., No. 1:18-CV-196-HAB, 2020 WL 703178, at *2 (N.D. Ind. Feb 10, 2020) ("The Amended Complaint, which became the operative pleading, rendered moot the request for default judgment on the original Complaint.")). Judge Kolar admonished the parties that they must file any objection within fourteen days, but neither party objected. R. & R. at 3.

The Court's review of a Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1), which provides as follows:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Judge Kolar gave the parties notice that they had fourteen days to file objections to the Report and Recommendation. However, neither party has filed an objection to the Report and Recommendation, and the time to do so has passed. The Court has reviewed the Report and Recommendation and finds that the Magistrate Judge's proposed disposition is well taken.

3

## CONCLUSION

Therefore, the Court ACCEPTS, IN WHOLE, the Findings, Report and Recommendation of the United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 32]. The Plaintiff's Motion for Default Judgment [ECF No. 14] is DENIED as MOOT.

SO ORDERED on June 16, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
